FILED
OCT - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MOZELLA D. JONES
    5616 13th Street, N.E.
    Washington, D.C. 20011

        Plaintiff,

v.

HARTFORD INSURANCE COMPANY,
**Serve:** C T Corporation System
    1015 15th Street, N.W., Suite 1000
    Washington, D.C. 20005

and

PAS FINANCIAL GROUP, INC.,
**Serve:** Registered Agent,
    Corporation Service Company
    701 Brazos Street, Suite 1050
    Austin, TX 78701

        Defendants.

Civil No. _____

CASE NUMBER 1:05CV01986
JUDGE: Henry H. Kennedy
DECK TYPE: Contract
DATE STAMP: 10/07/2005

JURY ACTION

## COMPLAINT

### COUNT I - DECLARATORY JUDGMENT

COMES NOW, the plaintiff, Mozella D. Jones, by and through her attorney, Warren E. Gorman, and states as follows:

1. This Court has jurisdiction of the cause of action pursuant to Title 28, Section 1332 of the United States Code. The amount in controversy exceeds $75,000.00.

2. Plaintiff, Mozella D. Jones, is an adult citizen of the United States of America and a resident of the District of Columbia.

1

3. Hartford Insurance Company is an insurance company whose main office is in Connecticut and does business in the District of Columbia.

4. PAS Financial Group, Inc. is a corporation that is chartered in the State of Texas.

5. On or about December of 2000, an insurance policy was taken out on the life of Henry Clay Thompson, Jr. The plaintiff was named beneficiary of that insurance policy. The policy is valued at $100,000.00.

6. During the course of the policy, the plaintiff, Mozella D. Jones, made timely payments of premiums and continued to be the beneficiary.

7. On or about August 3, 2005, Henry Clay Thompson, Jr. died.

8. When the policy was originally purchased, it was purchased through the Provident Life and Accident Insurance Company.

9. At the time when the insurance policy was originally purchased, the Program Administrator was PAS Financial Group, Inc.

10. The policy was sold prior to the time Mr. Thompson died to the Hartford Life Insurance Company. At the time the policy was purchased, it was the duty of PAS Financial Group Inc. to act as the Program Administrator. It was part of the duties of PAS Financial Group, Inc. to keep, record, transfer and hold for safe keeping the names of the beneficiary for that policy.

11. At the time of death, neither of the defendants could find any information concerning the name of any beneficiary for the policy.

12. The plaintiff contends that she was the named beneficiary at the time the policy was taken out and remained the beneficiary at the time of death of Mr. Thompson.

WHEREFORE, plaintiff prays this Honorable Court will grant a declaratory judgment naming her as the rightful beneficiary of the insurance policy and award plaintiff Court costs and attorney's fees. Plaintiff requests that the proceeds of the policy be deposited in the Register of the Court pending the outcome of the proceedings.

### COUNT II – NEGLIGENCE

13. Plaintiff incorporates by reference Counts Paragraphs 1 through 12 and states as follows:

14. At the time the insurance policy was taken out, defendant PAS Financial Group, Inc. agreed to act as the administrator.

15. In exchange for valuable consideration, PAS Financial Group, Inc. agreed to undertake certain duties including, but not limited to, keeping, holding, ,recording and transferring the names of any beneficiary concerning this policy. PAS Financial Group, Inc. negligently failed to keep, record, hold and transfer the plaintiff as beneficiary.

16. Mozella Jones was entitled to have her name kept, recorded and held as a beneficiary by defendant PAS Financial Group, Inc.

WHEREFORE, plaintiff prays judgment against PAS Financial Group, Inc. in the amount of $150,000.00 plus Court costs and attorney's fees.

### COUNT III - BREACH OF CONTRACT

17. Plaintiff incorporates by reference Counts Paragraphs 1 through 16 and states as follows:

18. In December, 2000, an insurance contract was taken out on the life of Henry Clay Thompson, Jr. and plaintiff Mozella Jones was named as the beneficiary and continued to be the beneficiary at the time of the date of death of Henry Clay Thompson, Jr.

19. PAS Financial Group, Inc. had a duty to hold, retain and transfer the name of the beneficiary of that contract. PAS Financial Group, Inc. received valuable consideration for that task. Plaintiff Mozella Jones was third party beneficiary of that insurance contract.

20. PAS Financial Group, Inc. breached that contract by failing to keep, maintain, record and transfer those records. Plaintiff is entitled to the proceeds of that contract of $100,000.00.

WHEREFORE, plaintiff prays this Honorable Court will bring judgment against defendant PAS Financial Group, Inc. in the amount of $100,000.00 plus Court costs and attorney's fees.

Respectfully submitted,

WARREN E. GORMAN, ESQ., #172213
*Attorney for Plaintiffs*
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

WARREN E. GORMAN