IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOZELLA D. JONES,           )
                                      )
          Plaintiff,         )
                                        )
V.                            )     CIVIL NO. 1:05CV01986-HHK
                                      )
HARTFORD INSURANCE COMPANY,   )
                                      )
and                           )
                                      )
PAS FINANCIAL GROUP, INC.,     )
                                      )
         Defendants.     )

**ANSWER OF HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY**

Hartford Life and Accident Insurance Company ("Defendant") (erroneously referred to in the Complaint as "Hartford Insurance Company"), by counsel, hereby states the following as its Answer to the Complaint:

1.      The allegations of paragraph 1 of the Complaint state conclusions of law to which no response is required.

2.      Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 2 of the Complaint.

3.      Defendant admits the allegations of paragraph 3 of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 4 of the Complaint.

5.      In regard to the allegations of paragraph 5 of the Complaint, Defendant admits, upon information and belief, that Henry Thompson was insured pursuant to a policy issued in

December 2000, which policy has a face value of $100,000. Defendant is without knowledge or information sufficient to form a belief to the truth of the remaining allegations of paragraph 5.

6.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 6 of the Complaint.

7.    In regard to the allegations of paragraph 7 of the Complaint, Defendant admits that the insured has died, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

8.    In regard to the allegations of paragraph 8 of the Complaint, Defendant admits that at the time the policy was purchased, the insurance carrier was Provident Accident and Life Insurance Company. The remaining allegations of paragraph 8 are denied.

9.    Defendant admits the allegations of paragraph 9 of the Complaint.

10.    In regard to the allegations of paragraph 10 of the Complaint, Defendant admits that at the time of Mr. Thompson's death, the policy was insured by Hartford Life and Accident Insurance Company, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

11.    In regard to the allegations of paragraph 11 of the Complaint, Defendant admits that it could find no documentation naming Plaintiff as a beneficiary under the policy, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

12.    Upon information and belief, Defendant admits that Plaintiff's contention is as stated in paragraph 12 of the Complaint, but it is without knowledge or information sufficient to form a belief as to the truth of the accuracy of that contention and therefore denies the remaining allegations of that paragraph.

13.    In regard to the "Wherefore" clause at the end of Count I, Defendant denies that Plaintiff is entitled to the relief requested as to Defendant.

14.    As its response to paragraph 13 of the Complaint, Defendant incorporates its responses to paragraphs 1-12 as though fully set forth herein.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

16.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 15 of the Complaint.

17.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 16 of the Complaint.

18.    In regard to the "Wherefore" clause, the end of Count II, Defendant denies that Plaintiff is entitled to any relief against it.

19.    As its response to paragraph 17 of the Complaint, Defendant incorporates its responses to paragraphs 1-16 as though fully set forth herein.

20.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 18 of the Complaint.

21.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 19 of the Complaint.

22.    Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of paragraph 20 of the Complaint.

23.    In response to the "Wherefore" clause at the end of Count III, Defendant denies that Plaintiff is entitled to any relief against it.

24.    All allegations not expressly admitted are hereby denied.

25.     The Complaint fails to state a claim upon which relief can be granted against Hartford Life and Accident Insurance Company.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company requests that the Complaint be dismissed and that it be awarded its costs and fees expended herein.

HARTFORD LIFE & ACCIDENT INSURANCE
COMPANY


By   /s/   Mary C. Zinsner                        
               Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340

David E. Constine, III, VSB No. 23223
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
(804) 697-1200
FAX (804) 697-1339

Counsel for Hartford Life & Accident Insurance Company


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer was mailed, first-class, postage prepaid, this 22nd day of November, 2005, to:

Warren E. Gorman, Esquire
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815



   /s/ Mary C. Zinsner          
