IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, | ) |
|       Plaintiff, | ) |
| v. | )   CIVIL NO. 1:05CV01986-HHK |
| HARTFORD INSURANCE COMPANY | ) |
| and | ) |
| PAS FINANCIAL GROUP, INC., | ) |
|       Defendants. | ) |

**JOINT RULE 16.3 REPORT**

Pursuant to Local Rule 16.3 and Fed.R.Civ.P. 26(f), attorneys for the plaintiff and the defendants conferred by telephone and e-mail on various dates up to and including February 10, 2006, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: No dispositive motions have yet been filed. Defendant Hartford Life and Accident Insurance Company (erroneously referred to in the Complaint as "Hartford Insurance Company") ("Hartford") intends to file a Counterclaim for interpleader of the disputed insurance funds. Hartford is in the process of preparing this Counterclaim and anticipates that it will be filed shortly after the initial scheduling conference. Once the interpleader is filed and the parties served, Hartford and PAS Financial Group, Inc. ("PAS") believe the case can be resolved by dispositive motion. Plaintiff does not agree that the case is likely to be disposed of by a dispositive motion.

TOPIC NO. 2: The date by which any other parties shall be joined or the pleadings amended and whether some or all the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: As stated above, Hartford plans to file a motion for leave to amend its Answer to add a Counterclaim for interpleader and to add additional parties as defendants to that Counterclaim. In addition, counsel for Plaintiff also indicated that Plaintiff may move to amend her Complaint to add additional parties. The Defendants propose that motions for leave to amend pleadings or to join parties shall be filed on or before February 28, 2006. The Plaintiff proposes that such motions shall be filed on or before March 31, 2006. The parties also agree that, while there are not yet any factual or legal issues that can be agreed upon or narrowed, the parties will continue to discuss the possibility of stipulating to certain factual or legal issues as the case progresses.

TOPIC NO. 3: Whether the case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Hartford does not consent to having the case assigned to a magistrate judge at this time. In light of Hartford's position, the remaining parties expressed no opinion on this issue.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF THE PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, as set forth previously, Hartford intends to move to interplead the disputed insurance funds at issue in this case and will thereafter seek to be discharged from this suit. The parties agree that settlement of the case may be feasible following the commencement of the interpleader Counterclaim and the joining of additional parties to the case.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate

such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF PARTIES:  While the parties agree that some form of ADR may be beneficial at a later stage of these proceedings, the parties agree that any such ADR would need to be conducted after the filing of Hartford's Counterclaim for interpleader and the joining of additional parties to the case.  Therefore, the parties agree that discussion of specific ADR procedures is premature, but agree that they will discuss ADR options with their clients and with each other at the appropriate time.

TOPIC NO. 6:  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

POSITION OF PARTIES:  As stated in response to Topic No. 1, Hartford and PAS agree that this case can likely be resolved by dispositive motion following Hartford's filing of its Counterclaim for interpleader.  Plaintiff does not agree that the case is likely to be disposed of by a dispositive motion.  The parties agreed that any dispositive motions shall be filed no later than 30 days following the conclusion of discovery.

TOPIC NO. 7:  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

POSITION OF PARTIES:  The parties have stipulated to dispense with Rule 26(a)(1) initial disclosures.

TOPIC NO. 8:  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all the discovery, including answers to interrogatories, document production, requests for admissions and depositions.

POSITION OF PARTIES:  The parties agree that discovery should close 120 days after all parties to Hartford's counterclaim for interpleader and/or any amended claim that may be brought by Plaintiff have either filed responsive pleadings or are in default, or 120 days after the

last day on which a guardian *ad litem* is appointed by the Court for any minor defendant to Hartford's Counterclaim for interpleader, whichever is later. The parties agree that no limits need be placed on discovery beyond those imposed by the Federal Rules of Civil Procedure. The parties also agree that a protective order is not necessary at this time.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree that there is no need at this time to modify the requirements of the Federal Rules of Civil Procedure regarding expert witnesses, as none of the parties presently anticipate that expert testimony will be necessary in this case.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: It is Hartford's position that, subsequent to the filing of its Counterclaim for interpleader, the interpleader action should be managed in two informal phases as would be typical in any interpleader, with the first phase consisting of Hartford's depositing of the disputed funds into the Court's registry and its motion for discharge from the case, and with the second phase consisting of the claimants' interpleading of their claims to the disputed funds. PAS consents to Hartford's proposal for filing the interpleader and managing this action in two informal phases. PAS anticipates that it will not oppose Hartford's discharge and will likely seek dismissal of Plaintiff's claims against PAS once the funds are interplead. Plaintiff is unable to state at the present time its position on whether it would consent to Hartford's discharge from

this case following its depositing of the disputed insurance funds, and Plaintiff has not proposed any bifurcation or phasing of this case for trial or discovery.

TOPIC NO. 12:  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES:  The parties agree that the pretrial conference should take place within 30 days of the ruling by the Court on any summary judgment motions, and, if no summary judgment motions are filed, within 30 days of the close of discovery.

TOPIC NO. 13:  Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from the 30 to 60 days after that conference.

POSITION OF PARTIES:  The parties agree that the Court should not set a firm trial date at the first scheduling conference, but should instead provide that a trial date will be set at the pretrial conference.

TOPIC NO. 14:  Such other matters that the parties believe may be appropriate for inclusions in a scheduling order.

POSITION OF PARTIES: Hartford and PAS have no other matters that they believe need to be included in the scheduling order at this time.  Plaintiff states the following:  Plaintiff has attempted to informally obtain certain terms by way of a Stipulation or Affidavit.  These items include a copy of the insurance contract, enrollment form, and a statement as to when these forms were received, transferred, or placed with any of the defendants.  At the end of the conference, no agreement was reached.  Plaintiff also sought consent to amend the Complaint and add as a defendant Provident Life and Accident Insurance Company.  The consent was not obtained from the Defendants.

STATEMENT OF THE CASE:

    A.    Plaintiff:

Plaintiff's claims arise out of her contention that she is the rightful beneficiary to

proceeds of a group life insurance policy issued by Hartford and covering the life of the late Henry Thompson. Following Mr. Thompson's death, Plaintiff made a claim for the proceeds of the policy, contending that she is the designated beneficiary thereunder. Neither Hartford nor PAS has located any documentation designating Plaintiff as beneficiary under the policy. In Count I of the Complaint, Plaintiff seeks a declaratory judgment from the Court naming her as the rightful beneficiary of the subject insurance policy. In Counts II and III of the Complaint, Plaintiff seeks damages against PAS for alleged negligence and breach of contract in connection with its alleged failure to keep, record, hold and transfer record of the Plaintiff's alleged designation as beneficiary under the policy.

    B.    <u>Defendants:</u>

Defendant Hartford generally denies that it is liable to Plaintiff for damages, costs, or attorney fees under any of Plaintiff's causes of action. As discussed above, Hartford plans to seek leave to amend its Answer to add a Counterclaim for interpleader against Plaintiff and to join additional parties as defendants to the Counterclaim for interpleader. Hartford seeks to bring its Counterclaim for interpleader in order to resolve multiple inconsistent claims to the proceeds of a group life insurance policy issued by Hartford and insuring the life of the late Henry Thompson, which appears to be the same policy at issue in Plaintiff's Complaint. If, as she contends, Plaintiff was the designated beneficiary under the policy at the time of Henry Thompson's death, then she may be entitled to the proceeds of the policy pursuant to its terms. However, if Henry Thompson did not have a designated beneficiary under the policy at the time of his death, then the children of Henry Thompson, whom Hartford seeks to join as defendants to its Counterclaim for interpleader, may be entitled to the proceeds of the policy pursuant to its terms. Due to the dispute over the proper recipient of the proceeds of the policy, this case presents a classic scenario for interpleader. Hartford is a disinterested stakeholder of the

disputed proceeds of the policy and seeks to deposit the funds at issue into the registry of the Court and be discharged from this case.

Defendant PAS was the original Program Administrator under the Certificate of Insurance, with Provident Life and Accident Insurance Company ("Provident") as the original insurance carrier. The institution involved was Bank of America. The policy was later transferred from Provident to Hartford, and AGIA took over as PA. After Mr. Henry Thompson passed away, Plaintiff initiated the claims processing on Thompson's policy. PAS was contacted with a request for the verification of enrollment which should have the name of Thompson's beneficiary. Defendant PAS' records and electronic files were searched and, to date, the VOE has not been located, and the parties are not certain if a VOE ever existed. PAS generally denies that it is liable to Plaintiff for any damages, costs or attorneys' fees under any of Plaintiff's causes of action. PAS has no contract with Plaintiff and owes no duty to Plaintiff. Upon interpleader of the insurance proceeds as proposed by Hartford, and joinder of the competing stakeholders, Defendants Hartford and PAS should be dismissed from this litigation.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

    A.    Plaintiff:

The statutory basis for the Plaintiff's case of action is 28 U.S.C. § 1332 (diversity).

    B.    Defendants:

Hartford and PAS have asserted no affirmative defenses with a statutory basis. As to Hartford's proposed Counterclaim for interpleader, the statutory basis for such action lies in 28 U.S.C. § 1332, as well as in 28 U.S.C. § 1335 (federal interpleader statute).

                                                            Respectfully submitted,

| /s/ Warren E. Gorman | /s/ Mary C. Zinsner |
|---|---|
| Warren E. Gorman, Esquire<br>5530 Wisconsin Avenue, Suite 1209<br>Chevy Chase, MD  20815<br><br>Counsel for Plaintiff | Mary C. Zinsner, DC Bar No. 430091<br>Troutman Sanders LLP<br>1660 International Drive, Suite 600<br>McLean, VA 22102<br>(703) 734-4334<br>FAX (703) 734-4340<br><br>David E. Constine, III, VA State Bar No. 23223<br>Andrew P. Sherrod, VA State Bar No. 45854<br>Troutman Sanders LLP<br>1001 Haxall Point<br>Richmond, Virginia  23219<br>(804) 697-1200<br>FAX (804) 697-1339<br><br>Counsel for Defendant Hartford Life & Accident Insurance Company(erroneously referred to in the Complaint as "Hartford Insurance Company") |

　　　　　/s/ Julie Quagliano
Julie Quagliano, Esquire
Quagliano & Seeger, PC
2620 P Street, NW
Washington, DC  20007
Phone (202) 822-8838
Fax (202) 822-6982

Counsel for Defendant PAS Financial Group, Inc.

#279260v1