IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD INSURANCE COMPANY )<br>)<br>and )<br>)<br>PAS FINANCIAL GROUP, INC., )<br>)<br>Defendants. ) | CIVIL NO. 1:05CV01986-HHK<br>**Next-Scheduled Court Event: Status Conference on December 15, 2006** |

### NON-CONFIDENTIAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONSENT MOTION OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR LEAVE TO FILE ITS COUNTERCLAIM AND CERTAIN SUMMONSES UNDER SEAL

Hartford Life and Accident Insurance Company ("Hartford") (erroneously referred to in the Complaint as "Hartford Insurance Company"), by counsel, states the following in support of its Motion for Leave to File its Counterclaim and Certain Summonses under Seal.

### STATEMENT OF RELEVANT FACTS

Hartford has filed contemporaneously herewith a Motion for Leave to Amend Its Answer to Add Counterclaim Naming Additional Parties (the "Motion to Amend"). The Counterclaim that Hartford seeks leave to assert is one for interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, to resolve multiple inconsistent claims to the proceeds of a group life insurance policy (the "Policy") issued by Hartford and insuring the life of the late Henry Clay Thompson, Jr. *See* Counterclaim ¶ 1.[1] Plaintiff Mozella

---

[1] The First Amended Answer and Counterclaim of Hartford Life and Accident Insurance Company, made Exhibit 1 to Hartford's Motion to Amend, has been filed UNDER SEAL contemporaneously herewith. All references herein to the Counterclaim refer to that sealed pleading.

Jones, who, upon information and belief, was at one time Henry Thompson's fiancé, has filed a claim for the proceeds of the Policy, claiming that she is the named beneficiary under the Policy. *Id.* ¶¶ 3, 16-17. Under the Policy, if no beneficiary is named, the proceeds are paid according to the terms of the Policy, which provide that, in the absence of a living spouse, the proceeds are to be paid in equal shares to the decedent's living children. *Id.* ¶¶ 14-15 and Ex. A (the Policy). A question exists over whether there is a named beneficiary under the Policy. *Id.* ¶¶ 18-20. Upon information and belief, Henry Thompson had no living spouse at the time of this death, but did have four living children. *Id.* ¶ 19. Upon information and belief, three of Henry Thompson's living children are under the age of 18. *Id.* ¶¶ 5-7.

### STATEMENT OF POINTS AND AUTHORITIES

The First Amended Answer and Counterclaim of Hartford Life and Accident Insurance Company (the "Counterclaim") and any summonses naming Henry Thompson's three minor children, as well as any subsequent returns of service for such summonses, should be allowed to be filed under seal. According to Local Civil Rule LCvR 5.4(f), the names of minor children should be excluded from pleadings, or redacted to include only initials where inclusion is necessary. LCvR 5.4(f) also states that a "party wishing to file a document containing unredacted personal identifiers [such as names of minor children]. . . may file an unredacted document under seal." Because the minor children are necessary and appropriate parties defendant to the interpleader action brought by Hartford through its Counterclaim and must be served with process, it is necessary to mention the minor children by name, rather than by initials, in the Counterclaim and in the summonses to be served. As these documents, as well as any subsequent returns of service on the summonses, will be filed with the Court, it is necessary, in accordance with LCvR 5.4, to tender such documents which identify the minor children by

name, rather than by initials, for filing under seal. Counsel for Plaintiff and for Co-Defendant PAS Financial, Inc. have indicated that they do not oppose the motion to seal documents mentioning the minor children by name.

In addition, the factors identified by the United States Court of Appeals for the District of Columbia Circuit as relevant to the Court's assessment of sealed filings also fully support the sealing of the Counterclaim and summonses and returns naming the minor children in this case. According to the District of Columbia Circuit, this Court should look to the following six factors in assessing a motion to seal: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Equal Employment Opportunity Commission v. National Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). These factors weigh heavily in favor of the need to seal the Counterclaim and summonses and returns naming the minor children defendants to the Counterclaim in this case because: (1) there is no need for public access to the unredacted Counterclaim or summonses, because redacted versions of those pleadings have been publicly filed as exhibits to Hartford's motion to seal; (2) there has been no previous public access to the unredacted documents; (3) Hartford has objected to the disclosure of the identities of the minor children by filing this motion to seal; (4) there is a strong privacy interest in avoiding disclosure of the identities of minor children in legal proceedings, as evidenced by LCvR 5.4(f); and (5) there is no chance of

3

prejudice to any of the other parties to this action, as those such parties have or will be served with unredacted versions of said documents.

## CONCLUSION

For all of the foregoing reasons, Hartford respectfully requests that the Court grant its Motion for Leave to File Its Counterclaim and Certain Summonses Under Seal.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY

By     /s/ Mary C. Zinsner
              Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com

David E. Constine, III, VA State Bar No. 23223
Andrew P. Sherrod, VA State Bar No. 45854 (admitted *pro hac vice*)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
andrew.sherrod@troutmansanders.com

Counsel for Hartford Life & Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of March 2006, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to:

>Warren E. Gorman, Esquire
>5530 Wisconsin Avenue, Suite 1209
>Chevy Chase, MD  20815
>**Counsel for Plaintiff Mozella Jones**
>
>and
>
>Julie Quagliano, Esquire
>Michael C. Zisa, Esquire
>Quagliano & Seeger, P.C.
>2620 P Street, N.W.
>Washington, D.C.  20007
>**Counsel for Defendant PAS Financial Group, Inc.**

         /s/ Mary C. Zinsner

#1434547