IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARTFORD INSURANCE COMPANY ) <br> ) <br> and ) <br> ) <br> PAS FINANCIAL GROUP, INC., ) <br> ) <br> Defendants. ) | CIVIL NO. 1:05CV01986-HHK <br> **Next-Scheduled Court Event: Status Conference on December 15, 2006** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE CONSENT MOTION OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY FOR LEAVE TO AMEND ITS ANSWER TO ADD COUNTERCLAIM NAMING ADDITIONAL PARTIES**

Hartford Life & Accident Insurance Company ("Hartford") (erroneously referred to in the Complaint as "Hartford Insurance Company"), by counsel, states as follows as its memorandum of points and authorities in support of its Motion for Leave to Amend its Answer to Add Counterclaim Naming Additional Parties.

### INTRODUCTION

The Court should grant this motion without hesitation. Plaintiff Mozella Jones brought the instant action against Hartford and PAS Financial Group, Inc. ("PAS") in order, *inter alia*, to establish her alleged claim to the proceeds of a life insurance policy issued by Hartford and covering the life of the late Henry Thompson. As will be explained herein, due to a question over whether Henry Thompson in fact named a beneficiary to his policy, this case presents a textbook scenario for interpleader. Justice therefore requires that the Court grant Hartford leave

to file an amended Answer in order to add a Counterclaim for interpleader so that the court can have all the necessary parties before it and decide who should be entitled to the insurance money that is the subject of this case. Counsel for Plaintiff and PAS have indicated that they do not oppose the motion for leave to amend to add the counterclaim.

## STATEMENT OF RELEVANT FACTS

Henry Thompson was covered under a group life insurance policy issued by Hartford and identified as policy number AGL-1705 ("the Policy"). Counterclaim ¶ 12.[1] The Policy provided $100,000 in insurance coverage on his life. *Id.* Henry Thompson died on or about August 3, 2005, and, therefore, the proceeds of his insurance under the Policy are payable to the appropriate person or persons pursuant to the terms of the Policy. ¶ 13.

Under the Policy, the life insurance proceeds are payable according to the beneficiary designation, if any, in effect at the time of the insured's death. ¶ 14. In the event that no beneficiary designation has been made, the Policy provides that benefits will be paid as follows: (1) to the insured's spouse, if living, otherwise, (2) in equal shares to the then living children of the insured, if any, otherwise, (3) in equal shares to the parents of the insured, if living, otherwise, (4) in equal shares to the brothers and sisters of the insured, if living, otherwise, (5) to the estate of the insured. ¶ 15.

On or about August 27, 2005, Plaintiff completed and submitted claim form to Hartford seeking benefits under the Policy as its designated beneficiary. ¶ 16. Also on or about August 27, 2005, Plaintiff executed and submitted a Preference Beneficiary's Affidavit,

---

[1] The First Amended Answer and Counterclaim of Hartford Life and Accident Insurance Company, made Exhibit 1 to Hartford's Motion for Leave to Amend, has been filed UNDER SEAL contemporaneously herewith. All references herein to the Counterclaim refer to that sealed pleading.

2

indicating that she was Henry Thompson's surviving spouse. ¶ 17. Despite its efforts in coordination with third party administrators, Hartford was unable to locate any documentation naming Plaintiff or any other person as Henry Thompson's designated beneficiary.[2] ¶ 18. In the absence of any such documentation, Hartford continued its investigation to determine the existence of an appropriate recipient of the insurance proceeds pursuant to the terms of the Policy. ¶ 19. In that regard, Vivian Thompson, Henry Thompson's mother, in October 2005, executed a Preference Beneficiary Affidavit, listing herself as the mother of Henry Thompson and listing Derrell Thompson, T.J., D.T., and M.T. as Henry Thompson's children.[3] *Id.*

If Plaintiff was the designated beneficiary at the time of Henry Thompson's death, then she may be entitled to the proceeds of the Policy. If Henry Thompson did not have a named beneficiary at the time of his death, however, then the children of Henry Thompson named above may be entitled to share the proceeds of the Policy. ¶ 21. Hartford is a disinterested stakeholder of the disputed proceeds. ¶ 22.

On October 7, 2005, Plaintiff filed her Complaint in this Court, naming Hartford as a defendant to her declaratory judgment count, which seeks to establish that she is the rightful beneficiary under the Policy. Plaintiff's Complaint also brings two additional counts against PAS for damages arising from its role as administrator of the Policy. Hartford and PAS have filed Answers to the Complaint, but no discovery has taken place and no trial date has been set. The Court has issued a Scheduling Order setting a status conference for this case on December 15, 2006, at which time a trial date will be selected. Hartford did not file a Counterclaim as part

---

[2] It is the responsibility of the third party administrator, not of Hartford, to maintain records of beneficiary designations.
[3] The full names of T.J., D.T. and M.T., all minors, can be found in Hartford's proposed Counterclaim, which has been filed UNDER SEAL contemporaneously herewith.

of its original Answer. Appendix C to the Court's Scheduling Order states that the parties have until March 31, 2006 to file motions for leave to amend pleadings and to add parties.

### STATEMENT OF POINTS AND AUTHORITIES

I. **Justice Requires That The Court Grant Hartford Leave To Amend Its Answer To Add A Counterclaim for Interpleader.**

As the facts above make clear, this is a classic case for interpleader and, in the interests of justice and judicial efficiency, the Court should grant Hartford leave to amend its Answer to bring such interpleader. *See* Fed.R.Civ.P. 22(1) (allowing interpleader to be brought by way of counterclaim); *see also* Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1709 (1990) (stating that "it is clear that statutory interpleader also may be asserted by counterclaim"). Pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, a party may obtain leave of court to amend its pleadings to assert a counterclaim that was previously omitted "when justice requires." Fed.R.Civ.P. 13(f); Wright, Miller & Kane, *supra*, § 1430.[4] According to one leading treatise, "courts have been quite liberal about granting leave to amend under Rule 13(f)." Wright, Miller, & Kane, *supra*, § 1430 at 213. Further, "the usual judicial practice is to examine each case on its facts and to deny leave to amend only when the delay is inexcusable, or when the pleader has displayed a lack of good faith, or when the omitted counterclaim can be left to an independent action, or when it is totally lacking in merit." *Id.* at 214, 217-18. Indeed, the "clause in Rule 13(f) permitting amendments 'when justice requires' is especially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to

---

[4] Rule 15(a) of the Federal Rules echoes Rule 13(f) by providing that, after more than twenty days have passed since a pleading was served, a party may amend the pleading "only by leave of court" but that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). For the same reasons that that Court should grant leave to assert this omitted counterclaim under 13(f), the Court should also grant leave to amend to add such counterclaim under Rule 15(a).

4

do so." *Id.* at 219. Lastly, courts should be especially willing to grant leave to amend to add a compulsory counterclaim. *See id.* at 223 (noting that, "when the omitted counterclaim is compulsory, the reasons for allowing its introduction by amendment become even more persuasive, since an omitted counterclaim cannot be asserted in subsequent cases").

In keeping with the liberal amendment provisions of Rule 13(f), this court has previously stated it has "wide latitude" to grant leave to amend under the "when justice requires" clause and should do so when the delay in bringing the counterclaim "does not appear ill-intentioned and will not unduly interfere with the progress of the case." *Woodward v. DiPalermo*, 98 F.R.D. 621, 624 (D.D.C. 1983). Indeed, this court has acknowledged that "refusal by the district court to allow amendment to add a counterclaim, where plaintiff has failed to show substantial prejudice, may be an abuse of discretion." *Id.*

Under the liberal amendment standards set forth above, it is beyond doubt that the Court should grant Hartford leave to amend in this case. First, because Hartford's claim for interpleader arises out of the same transaction or occurrence (the death of Henry Thompson and Plaintiff's subsequent claim to his insurance benefits) as Plaintiff's lawsuit, it is arguably a compulsory counterclaim that must be brought in this case. *See* Fed.R.Civ.P. 13(a). Regardless of whether the interpleader is considered compulsory or permissive, however, interests of judicial economy also dictate that the claims should be brought here, rather than being brought in a separate case that is then consolidated with this one. *See* Wright, Miller & Kane, *supra*, § 1708, at 570 ("Defensive interpleader is a useful procedure and is consistent with the general objectives of the interpleader remedy. Without it, a stakeholder would be obliged to institute a separate interpleader action and seek consolidation to achieve the same result.").

5

In addition, the delay in bringing this counterclaim is minimal, with Hartford having filed its original Answer on November 22, 2005. The delay was not due to any bad faith or ill intent on the part of Hartford, and there is no chance that Plaintiff or PAS would be prejudiced by Hartford's bringing its counterclaim at this time, or that the progress of this case would be interfered with unduly. This case was filed in October 2005; no discovery has occurred; no trial date has been set; Appendix C to the Court's Scheduling Order providers that the parties have until March 31, 2006 to file motions for leave to amend pleadings and to add parties; and counsel for Plaintiff and for PAS have indicated that they do not oppose the amendment and bringing of the counterclaim for interpleader.

In sum, justice requires that this counterclaim be allowed, for interpleader is imminently proper in this case and is necessary for a fair determination of the rightful beneficiary to the insurance proceeds at issue.

## II.   The Children of Henry Thompson are Properly Joined As Defendants To Hartford's Proposed Counterclaim.

As part of allowing Hartford to proceed on its Counterclaim for interpleader, the Court should grant leave to add the children of the late Henry Thompson as defendants to the Counterclaim. Under Rule 13(h) of the Federal Rules of Civil Procedure, "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross claim in accordance with Rules 19 and 20." Furthermore, "[c]ourts have applied Rule 13(h) liberally so as to further the general objectives of Rule 13, which are 'to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy.'" *American Directory Serv. Agency, Inc. v. Beam*, 1988 U.S. Dist. LEXIS 18519, *4-5 (D.D.C. 1988) (citation omitted).

Whether viewed as parties necessarily or permissively joined, the children of Henry Thompson-- Derrell Thompson, T.J., D.T., and M.T. (the "Thompson Children") -- are

6

appropriate parties to the interpleader cause of action that Hartford seeks leave to assert and should be allowed to be joined as counterclaim defendants so that all potential claimants to the subject insurance proceeds can be included in one action and can make their respective claims to a single tribunal. Indeed, the Thompson Children are necessary parties to this interpleader. Under Rule 19,

> [a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). The Thompson Children easily meet the Rule 19 test, for, if they are not joined, the Court will not be able to fashion complete relief in this interpleader action and Hartford would be left still facing the prospect of multiple liability.[5] The goal of interpleader is to allow all potential claimants to a stake to be brought together in a single action for purposes of determining the rightful owner. If the Thompson Children, as potential claimants to the insurance money at issue here, are not joined as defendants to this interpleader, the Court will not be able to finally resolve the dispute over the proceeds. As a result, the court should allow joinder of the Thompson Children under Rule 19.

In addition, even if the Court were to determine that the Thompson Children were not necessary parties for purposes of Rule 19, it would still be permissible to join the Thompson Children. According to Rule 20,

---

[5] Furthermore, the addition of the Thompson Children would not affect the Court's jurisdiction over this case. Jurisdiction clearly exists in this case under 28 U.S.C. 1335, for at least two of the claimants to the stake that Hartford seeks to deposit (which is in excess of $500) are citizens of different states. *See* Counterclaim ¶ 10. Furthermore, service of process on the Thompson Children can be achieved under the nationwide process provision of 28 U.S.C. § 2361, which applies to interpleader actions such as Hartford's that are brought under § 1335.

> [a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a). This rule allows for permissive joinder of the Thompson Children in this interpleader action, for the relief sought as to all of the Counterclaim defendants is the same: a determination as to the rightful recipient of Henry Thompson's insurance proceeds under the Policy. Thus, common questions of law and fact abound, and Rule 20 joinder is appropriate. As a result, regardless of whether the parties are considered necessarily or permissively joined, the Court should grant leave to Hartford to add the Thompson Children as parties to the Counterclaim. Indeed, other courts have not hesitated to allow additional parties to be brought into a case as parties to an interpleader counterclaim under Rule 13(h). *See, e.g., Guy v. Citizens Fidelity Bank & Trust Co.*, 429 F.2d 828, 829 (6th Cir. 1970); *Dial v. NFL Player Supplemental Disability Plan*, 1997 U.S. Dist. LEXIS 17742, (S.D. Tex. 1997).

In sum, it is clearly in the interests of justice and judicial economy to allow the joinder of the Thompson Children to this Counterclaim for interpleader so that the potential claimants can make their respective cases to the Court in a single action to determine the rightful recipient or recipients of the deposited insurance proceeds. Such a result fulfills the purposes of both the law of interpleader and Rule 13.

CONCLUSION

For all of the foregoing reasons, Hartford requests that the Court grant its Motion for Leave to Amend Its Answer to Add Counterclaim Naming Additional Parties.

                      HARTFORD LIFE & ACCIDENT INSURANCE COMPANY

                      By    /s/ Mary C. Zinsner
                              Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com

David E. Constine, III, VA State Bar No. 23223
Andrew P. Sherrod, VA State Bar No. 45854 (admitted *pro hac vice*)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
andrew.sherrod@troutmansanders.com

    Counsel for Hartford Life & Accident Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of March 2006, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to:

> Warren E. Gorman, Esquire
> 5530 Wisconsin Avenue, Suite 1209
> Chevy Chase, MD  20815
> **Counsel for Plaintiff Mozella Jones**
>
> and
>
> Julie Quagliano, Esquire
> Michael C. Zisa, Esquire
> Quagliano & Seeger, P.C.
> 2620 P Street, N.W.
> Washington, D.C.  20007
> **Counsel for Defendant PAS Financial Group, Inc.**

_____/s/ Mary C. Zinsner_____

#1435302