IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MOZELLA D. JONES
    5616 13th Street, N.E.
    Washington, D.C. 20011

        Plaintiff,

        v.        Civil No.1:05CVO1986

HARTFORD LIFE AND ACCIDENT INSURANCE    Judge Henry H. Kennedy
COMPANY,
**Serve:** C T Corporation System
`      1015 15th Street, N.W., Suite 1000
      Washington, D.C. 20005

and

A.G.I.A., INC.,
**Serve:** President John Wigle
      1155 Eugenia Place
      Carpinteria , CA 93023

and

ASSOCIATION GROUP INSURANCE
ADMINISTRATORS,
**Serve:** President John Wigle
      1155 Eugenia Place
      Carpinteria , CA 93023

PAS FINANCIAL GROUP, INC.,

**Serve:** Registered Agent,
      Corporation Service Company
      701 Brazos Street, Suite 1050
       Austin, TX 78701

        Defendants.
-and-

PROVIDENT LIFE AND ACCIDENT INSURANCE
COMPANY,
**Serve:** Registered Agent, David Brown
      601 Pennsylvania Ave, No.Bldg, Suite 200
      Washington, D.C. 20004

        Defendants
._____

## SECOND AMENDED COMPLAINT

## COUNT I - DECLARATORY JUDGMENT

COMES NOW, the plaintiff, Mozella D. Jones, by and through her attorney, Warren E. Gorman, and states as follows:

1. This Court has jurisdiction of the cause of action pursuant to Title 28, Section 1332 of the United States Code. The amount in controversy exceeds $75,000.00.

2. Plaintiff, Mozella D. Jones, is an adult citizen of the United States of America and a resident of the District of Columbia.

3. Hartford Life and Accident Insurance Company is an insurance company whose main office is in Connecticut and does business in the District of Columbia.

4. PAS Financial Group, Inc. is a corporation that is chartered in the State of Texas.

5. Provident Life and Accident Insurance Company is an insurance company. Its main office is in Tennessee and it does business in the District of Columbia.

6. A.G.I.A., Inc., is a corporation duly formed under the laws of the State of California. Its main office is in California.

7. Association Group Insurance Administrators is a corporation formed under the laws of the State of California. It

8. On or about December of 2000, an insurance policy was taken out on the life of Henry Clay Thompson, Jr. The plaintiff was named beneficiary of that insurance policy. The policy is valued at $100,000.00.

9. During the course of the policy, the plaintiff, Mozella D. Jones, made timely payments of premiums and continued to be the beneficiary.

10. On or about August 3, 2005, Henry Clay Thompson, Jr. died.

11. When the policy was originally purchased, it was purchased through the Provident Life and Accident Insurance Company.

12. At the time when the insurance policy was originally purchased, the Program Administrator was PAS Financial Group, Inc.

13. The policy was sold prior to the time Mr. Thompson died to the Hartford Life and Accident Insurance Company. At the time the policy was purchased, it was the duty of PAS Financial Group Inc. to act as the Program Administrator. It was part of the duties of PAS Financial Group, Inc. to keep, record, transfer and hold for safe keeping, the insurance policy, enrollment forms, the names of the beneficiary, and other papers for that policy.

14. Association Group Insurance Administrators was a corporation acting as an agent corporation for Hartford Life and Accident Insurance Company. It was part of the duties of Association Group Insurance Administrators to keep, record, transfer and hold for safekeeping, the insurance policy, enrollment forms, the names of the beneficiary, and other papers for that policy.

15. A.G.I.A., Inc. was a corporation acting as a program administrator for Hartford Life and Accident Insurance Company. It was part of the duties of A.G.I.A., Inc. to keep, record, transfer and hold for safekeeping, the insurance policy, enrollment forms, the names of the beneficiary, and other papers for that policy.

16. At the time of death, none of the defendants could find any information concerning the name of any beneficiary for the policy.

17. The plaintiff contends that she was the named beneficiary at the time the policy was taken out and remained the beneficiary at the time of death of Mr. Thompson.

WHEREFORE, plaintiff prays this Honorable Court will grant a declaratory judgment naming her as the rightful beneficiary of the insurance policy and award plaintiff Court costs and

attorney's fees. Plaintiff requests that the proceeds of the policy be deposited in the Register of the Court pending the outcome of the proceedings.

## COUNT II – NEGLIGENCE

18. Plaintiff incorporates by reference Counts Paragraphs 1 through 17 and states as follows:

19. After the insurance policy was taken out, defendant PAS Financial Group, Inc. agreed to act as the administrator.

20. In exchange for valuable consideration, PAS Financial Group, Inc., Association Group Insurance Administrators and A.G.I.A., Inc. agreed to undertake certain duties including, but not limited to, the keeping, holding, recording and transferring the insurance policy, enrollment forms, other insurance papers and the names of any beneficiary concerning the policy. PAS Financial Group, Inc., Association Group Insurance Administrators and A.G.I.A., Inc. negligently failed to keep, record, hold, transfer and pay the plaintiff as beneficiary. Plaintiff suffered damages as a result of the negligent actions and inaction of the defendant.

21. In exchange for valuable consideration, Provident Life and Accident Insurance Company, Hartford Life and Accident Insurance Company agreed to undertake certain duties including, but not limited to, the keeping, holding, recording, paying benefits and if the contract was sold to transfer the insurance policy, enrollment forms, other insurance papers and the names of any beneficiary concerning the policy. Hartford Life and Accident Insurance Company negligently failed to keep, record, hold and transfer the forms or pay the plaintiff. Plaintiff suffered damages as a result of the negligence actions and inactions of the defendant.

22. In exchange for valuable consideration, Provident Life and Accident Insurance Company agreed to undertake certain duties including, but not limited to, the keeping, holding, recording and transferring the insurance policy, enrollment forms, other insurance papers and the

names of any beneficiary concerning the policy. Provident Life and Accident Insurance Company negligently failed to keep, record, hold and transfer and pay the plaintiff as beneficiary. . Plaintiff suffered damages as a result of the negligence actions and inaction of the defendant.

23. Mozella Jones was entitled to have her name kept, recorded and held as a beneficiary and paid benefits as a third party beneficiary. The insurance policy, enrollment forms and other papers should have been kept by PAS Financial Group, Inc., Hartford Life Insurance Company, Provident Life and Accident Insurance Company, Association Group Insurance Administrators and A.G.I.A., Inc., and the plaintiff should have been paid.

WHEREFORE, plaintiff prays judgment against PAS Financial Group, Inc., Hartford Life Insurance Company, Provident Life and Accident Insurance Company, Association Group Insurance Administrators and A.G.I.A., Inc. in the amount of $150,000.00 plus Court costs, interest and attorney's fees.

## COUNT III - BREACH OF CONTRACT

24. Plaintiff incorporates by reference Counts Paragraphs 1 through 23 and states as follows:

25. In December, 2000, an insurance contract was taken out on the life of Henry Clay Thompson, Jr. and plaintiff Mozella Jones was named as the beneficiary and continued to be the beneficiary at the time of the date of death of Henry Clay Thompson, Jr.

26. PAS Financial Group, Inc., Hartford Life and Accident Insurance Company, Provident Life and Accident Insurance Company, Association Group Insurance Administrators and A.G.I.A., Inc. had a contractual duty to hold, retain and transfer that contract insurance policy, enrollment forms, other insurance papers and pay the plaintiff the proceeds. PAS Financial Group, Inc., Hartford Life Insurance Company, Provident Life and Accident Insurance

Company, Association Group Insurance Administrators and A.G.I.A., Inc. received valuable consideration for that task. Plaintiff Mozella Jones was the third party beneficiary of that insurance contract. The five (5) defendants breached the contract.

27. PAS Financial Group, Inc., Hartford Life Insurance Company, Provident Life and Accident Insurance Company, Association Group Insurance Administrators and A.G.I.A., Inc. breached that contract by failing to keep, maintain, record and transfer those records. Plaintiff is entitled to the proceeds of that contract of $100,000.00.

WHEREFORE, plaintiff prays this Honorable Court will bring judgment against each defendant in the amount of $100,000.00 plus Court costs, interest, and attorney's fees.

Respectfully submitted,

_____
WARREN E. GORMAN, ESQ., #172213
*Attorney for Plaintiffs*
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

_____
WARREN E. GORMAN