IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOZELLA D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:05CV01986-HHK |
| | ) | **Next-Scheduled Court Event:  Status** |
| HARTFORD LIFE AND ACCIDENT | ) | **Conference on December 15, 2006** |
| INSURANCE COMPANY, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION
OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO DISMISS
COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by

counsel, submits the following memorandum of points and authorities in support of its motion to

dismiss Count II of Plaintiff's Second Amended Complaint.[1]

**INTRODUCTION**

The sole issue for resolution in this case is who is the proper beneficiary of a

group insurance policy issued by Hartford and insuring the life of the late Henry Thompson.

Plaintiff Mozella Jones brought this action in order to establish her alleged right to the proceeds

of the policy.  In her original Complaint, in addition to the declaratory judgment claim against

Hartford seeking to have the Court declare her the proper beneficiary, Plaintiff also asserted

negligence and breach of contract claims against PAS Financial Group, Inc. ("PAS") in

connection with its administration of the policy.  Plaintiff's Second Amended Complaint ("the

---

[1] In Plaintiff's original Complaint, Hartford was erroneously referred as "Hartford Insurance Company."  Plaintiff has attempted to correct this mistake in her Second Amended Complaint.  However, in certain paragraphs of that pleading, Plaintiff refers to "Hartford Life Insurance Company." *See, e.g.,* ¶¶ 23, 26, 27.  It is Hartford Life and Accident Insurance Company that is the proper party here.  It should also be noted that, although Plaintiff has styled her pleading as her "Second Amended Complaint," it is actually the first amended complaint filed by Plaintiff in this case.

Amended Complaint") now alleges claims of negligence and breach of contract against Hartford and several other new defendants.

The issue of who is the proper beneficiary under the policy will be resolved through the Counterclaim for interpleader that Hartford has recently filed herein. Furthermore, Plaintiff's alleged claims against Hartford for declaratory judgment and breach of contract will also be resolved in the course of the interpleader action. The Court should, however, dismiss Plaintiff's negligence claim against Hartford. Plaintiff's negligence claim in Count II fails as a matter of law with regard to Hartford, for Plaintiff simply has not alleged any duty owed to her by Hartford that is independent of the policy.

### STATEMENT OF RELEVANT ALLEGATIONS

On or about December 2000, an insurance policy (the "Policy") was taken out on the life of Henry Clay Thompson, Jr. ("Thompson"). ¶ 8.[2] Plaintiff alleges that she was named beneficiary of the Policy. *Id.* The Policy provided $100,000 in insurance coverage on Thompson's life. *Id.* According to Plaintiff, she paid premiums and continued to be the beneficiary of the Policy. ¶ 9. Henry Thompson died on or about August 3, 2005. ¶ 10.

Plaintiff alleges that the Policy was originally purchased through Provident Life and Accident Insurance Company ("Provident"). ¶ 11. Plaintiff contends that PAS agreed to act as the Program Administrator at the time of original purchase of the Policy. ¶ 12. Plaintiff states that it was part of the duties of PAS to keep, record, transfer and hold for safe keeping the Policy, enrollment forms, the names of the beneficiary, and other papers for the Policy. ¶ 13.

---

[2] "¶ ___" refers to the numbered paragraphs in the Second Amended Complaint. The allegations of the Second Amended Complaint are set forth solely for purposes of this Motion, and do not constitute admissions by Hartford of any particular facts.

According to Plaintiff, the Policy was sold to Hartford prior to Thompson's death. ¶ 13. Plaintiff contends that Association Group Insurance Administrators ("A.G.I.A.") was a corporation acting as agent for Hartford. Plaintiff states that it was part of the duties of A.G.I.A. to keep, record, transfer and hold for safe keeping the Policy, enrollment forms, the names of the beneficiary, and other papers for the Policy. ¶ 14. Plaintiff also alleges that A.G.I.A., Inc. was a corporation acting as a program administrator for Hartford and that part of the duties of A.G.I.A., Inc. was to keep, record, transfer and hold for safe keeping the Policy, enrollment forms, the names of the beneficiary, and other papers for the Policy. ¶ 15.

Plaintiff alleges that at the time of Thompson's death, none of the defendants could find any information concerning the name of any beneficiary for the Policy. ¶ 16. According to Plaintiff, she was the beneficiary at the time of Thompson's death. ¶ 17.

Regarding her negligence claim in Count II, Plaintiff further alleges that, in exchange for valuable consideration, Hartford agreed to undertake certain duties including the keeping, holding, recording, paying benefits and if the contract was sold to transfer the Policy, enrollment forms, other insurance papers and the names of any beneficiary concerning the Policy. Plaintiff contends that Hartford negligently failed to keep, record, hold and transfer the forms or pay her and that she suffered damages as a result. ¶ 21. According to Plaintiff, she was entitled to have her name kept, recorded and held as a beneficiary and be paid benefits as a third party beneficiary. As a result, Plaintiff asks for judgment against the defendants in the amount of $150,000, plus interest, costs and fees. ¶ 23 & "Wherefore" Clause for Count II.

Plaintiff's breach of contract claim in Count III asserts similar allegations against Hartford. Plaintiff alleges that Hartford, along with the other defendants, in exchange valuable consideration, had a contractual duty to hold, retain and transfer the Policy, enrollment forms,

other insurance papers and to pay Plaintiff the proceeds of the Policy as the third party

beneficiary under the insurance contract that was the Policy. ¶ 26. According to Plaintiff,

Hartford, along with the other defendants, breached that contract by failing to keep, maintain,

record and transfer those records, and Plaintiff contends that she is entitled to the proceeds of

that contract of $100,000. ¶ 27. As a result, Plaintiff asks for judgment against the defendants in

the amount of $100,000, plus interest, costs and fees. "Wherefore" Clause for Count III.

### STATEMENT OF POINTS AND AUTHORITIES

**Count II Fails to State a Claim Against Hartford for Negligence Because Hartford Did Not Owe Plaintiff An Independent Duty Of Care.**

Plaintiff's cause of action for negligence against Hartford must fail because it is

clear from Plaintiff's Amended Complaint that Hartford owed no duty of care towards Plaintiff

independent of the Policy. As this District has recognized, "the interests sought to be protected

by the law of contracts and those of tort law are distinct." *The Towers Tenant Assn v. The*

*Towers Ltd. P'ship*, 563 F. Supp. 566, 570 (D.D.C. 1983). As a result, the "omission to perform

a contractual obligation does not ordinarily create a cause of action in tort as between the

contracting parties. . . . Rather, an action for breach of contract is the recognized and appropriate

avenue of relief." *Id.* (citation omitted). Furthermore, " 'the mere negligent breach of a contract,

*absent a duty or obligation imposed by law independent of that arising out of the contract itself*,

is not enough to sustain an action sounding in tort.' " *Id.* (quoting *Heckrotte v. Riddle*, 224 Md.

591, 168 A.2d 879, 882 (Md. 1961) (emphasis in original)). *Cf. Pilot Life Ins. Co. v. Dedeaux*,

481 U.S. 41, 50 (1987) (discussing cases that found punitive damages available for breach of

contract only when the breach is "attended by some intentional wrong, insult, abuse, or gross

negligence, which amounts to an independent tort") (internal quotation marks omitted); *Walsh v.*

*Ford Motor Co.*, 627 F. Supp. 1519, 1524 (D.D.C. 1986) ("Punitive damages may be awarded

. . . when the conduct constituting the breach amounts to an independent tort or is accompanied by fraudulent conduct.").

Here, Plaintiff's negligence and breach of contract claims are premised upon the same facts and circumstances and the allegations in both counts are virtually identical. Plaintiff asserts in Count III, the contract claim, that Hartford had a "contractual duty to hold, retain and transfer that contract insurance policy, enrollment forms, other insurance papers and pay the plaintiff the proceeds." ¶ 26. Plaintiff then claims that Hartford "breached that contract by failing to keep, maintain, record and transfer those records" and contends that she is entitled to be paid the proceeds of the insurance contract as a third party beneficiary. ¶¶ 26-27. In a strikingly similar set of allegations in Count II, her negligence claim, Plaintiff asserts that Hartford "agreed to undertake certain duties including, but not limited to, the keeping, holding, recording, paying benefits and if the contract was sold to transfer the insurance policy, enrollment forms, other insurance papers and the names of any beneficiary concerning the policy." ¶ 21. Plaintiff then further claims that Hartford "negligently failed to keep, record, hold and transfer the forms or pay the plaintiff." ¶ 22.

As evident from these and other allegations in the Complaint, Plaintiff simply has not alleged an independent cause of action for negligence. Plaintiff has not alleged that Hartford owed her any independent legal duty, aside from its alleged duties under the Policy, and, therefore, her negligence claim fails as a matter of law. *See, e.g., Prouty v. National R.R. Passenger Corp.*, 572 F. Supp. 200, 206 (D.D.C. 1983) (ruling in favor of defendant employer on plaintiff former employee's claim for negligent failure to maintain employment records and noting that "plaintiff has not indicated that [employer] was charged with any specific duty to maintain employment records, imposed by statute or law, that would give rise to a negligence

action").  Furthermore, assuming Hartford owed an independent duty of care to anyone in this case, that duty was owed to its insured, Thompson, and not to Plaintiff, who merely contends that she was a beneficiary.  *See, e.g., Central Armature Work, Inc. v. American Motorists Ins.*, 520 F. Supp. 283, 292 (D.D.C. 1980) (concluding that "an insurer has additional obligations to its *insured* which subject it to more stringent standards of conduct than those normally imposed on parties to a contract") (emphasis added); *Aronoff v. The Lenkin Co.*, 618 A.2d 669, 685 (D.C. 1992) (affirming dismissal of claims of negligence, estoppel and misrepresentation and finding that a "title insurer, when it acts exclusively as an insurer, is liable only to its insured and not to third parties").  As a result, Plaintiff's negligence claim fails as a matter of law with respect Hartford and should be dismissed accordingly.

### CONCLUSION

For all of the foregoing reasons, Hartford requests that the Court grant its Motion and dismiss Count II with prejudice as to Defendant Hartford.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY


By     /s/ Mary C. Zinsner
                Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com

David E. Constine, III, VA State Bar No. 23223
Andrew P. Sherrod, VA State Bar No. 45854 (admitted *pro hac vice*)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
andrew.sherrod@troutmansanders.com

     Counsel for Hartford Life & Accident Insurance Company


## CERTIFICATE OF SERVICE

     I hereby certify that, on this 1st day of May 2006, a copy of the foregoing

Memorandum was filed electronically with the Clerk of Court, using the CM/ECF system, which

sent notification of such filing to:

Warren E. Gorman, Esquire
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
**Counsel for Plaintiff Mozella Jones**

and

Julie Quagliano, Esquire
Michael C. Zisa, Esquire
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C.  20007
**Counsel for Defendant PAS Financial Group, Inc.**

               /s/ Mary C. Zinsner_____

#287452v1