IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, *et al.*, )<br>)<br>    Defendants. ) | CIVIL NO. 1:05CV01986-HHK<br>**Next-Scheduled Court Event:  Status Conference on December 15, 2006** |

**ANSWER OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO PLAINTIFF'S "SECOND AMENDED COMPLAINT"**

Hartford Life and Accident Insurance Company ("Hartford" or "Defendant"), by counsel, hereby states the following as its Answer to the "Second Amended Complaint" (the "Amended Complaint") filed by Mozella D. Jones ("Plaintiff")[1]:

1. The allegations of paragraph 1 of the Amended Complaint state conclusions of law to which no response is required.

2. Upon information and belief, Defendant admits the allegations of paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations of paragraph 3 of the Amended Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint.

---

[1] In Plaintiff's original Complaint Hartford was erroneously referred to as "Hartford Insurance Company." Plaintiff has attempted to correct this mistake in her Second Amended Complaint. However, in certain paragraphs of the Second Amended Complaint, Plaintiff refers to "Hartford Life Insurance Company." *See, e.g.,* ¶¶ 23, 26, 27. Hartford Life and Accident Insurance Company is the proper party here.  It should also be noted that, although Plaintiff has styled her pleading as her "Second Amended Complaint," it is actually the first amended complaint filed by Plaintiff in this case.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint.

8. In regard to the allegations of paragraph 8 of the Amended Complaint, Defendant admits, upon information and belief, that Henry Clay Thompson, Jr. was insured pursuant to a policy issued on or about December 2000, which policy has a face value of $100,000. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint.

10. Upon information and belief, Defendant admits the allegations of paragraph 10 of the Amended Complaint.

11. In regard to the allegations of paragraph 11 of the Amended Complaint, Defendant admits that at the time the policy was purchased, the insurance carrier was Provident Life and Accident Insurance Company. The remaining allegations of paragraph 11 are denied.

12. Defendant admits the allegations of paragraph 12 of the Amended Complaint.

13. In regard to the allegations of paragraph 13 of the Amended Complaint, Defendant admits that at the time of Mr. Thompson's death, the policy was insured by Hartford Life and Accident Insurance Company, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

14. In regard to the allegations of paragraph 14 of the Amended Complaint, Defendant admits that it entered into an Administrative Services Agreement (the "Agreement")

with Association Group Insurance Administrators ("AGIA"), pursuant to which Agreement and subsequent amendments thereto AGIA has acted as an insurance agent on behalf of Defendant for purposes of engaging in the marketing of certain insurance policies. The scope and extent of any duties of AGIA are defined by the terms of the Agreement and Defendant therefore denies the remaining allegations of paragraph 14.

15. In regard to the allegations of paragraph 15 of the Amended Complaint, Defendant admits that it entered into the Agreement with A.G.I.A., Inc., pursuant to which Agreement and subsequent amendments thereto A.G.I.A., Inc. has performed certain administrative services under certain insurance policies, including the policy at issue in this case. The scope and extent of any duties of A.G.I.A., Inc. are defined by the terms of the Agreement and Defendant therefore denies the remaining allegations of paragraph 15.

16. In regard to the allegations of paragraph 16 of the Amended Complaint, Defendant admits that it could find no documentation naming Plaintiff as a beneficiary under the policy, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

17. Upon information and belief, Defendant admits that Plaintiff's contention is as stated in paragraph 17 of the Amended Complaint, but it is without knowledge or information sufficient to form a belief as to the truth of the accuracy of that contention and therefore denies the remaining allegations of that paragraph.

18. In regard to the "Wherefore" clause at the end of Count I, Defendant denies that Plaintiff is entitled to the relief requested as to Defendant. Defendant states, however, that it will, in due course, seek to deposit the disputed proceeds of the policy into the Court's registry, pursuant to its Counterclaim for interpleader previously filed herein.

19. As its response to paragraph 18 of the Amended Complaint, Defendant incorporates its responses to paragraphs 1-17 as though fully set forth herein.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint.

21. In regard to paragraph 20 of the Amended Complaint, Defendant states that the allegations of said paragraph are directed at defendants other than Hartford and therefore no response is required. To the extent the allegations of paragraph 20 could be construed to pertain to Hartford, they are denied.

22. Defendant denies the allegations of paragraph 21 of the Amended Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint.

24. In regard to the allegations of paragraph 23 of the Amended Complaint, Defendant states that it has kept the policy, but denies that it had an obligation to keep enrollment forms for the policy. Plaintiff's allegation in paragraph 23 regarding Hartford's obligations to keep certain "other papers" is too vague to provide a meaningful response and is therefore denied. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 23.

25. In regard to the "Wherefore" clause at the end of Count II, Defendant denies that Plaintiff is entitled to any relief against it.

26. As its response to paragraph 24 of the Amended Complaint, Defendant incorporates its responses to paragraphs 1-23 as though fully set forth herein.

27. In regard to the allegations of paragraph 25 of the Amended Complaint, Defendant admits, upon information and belief, that Henry Clay Thompson, Jr. was insured

pursuant to a policy issued in December 2000, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25.

28. Defendant denies the allegations of paragraph 26 of the Amended Complaint insofar as those allegations are directed at Hartford. Defendant is without knowledge or information sufficient to form a belief to the truth of the remaining allegations of paragraph 26.

29. Defendant denies the allegations of paragraph 27 of the Amended Complaint insofar as those allegations are directed at Hartford. Defendant is without knowledge or information sufficient to form a belief to the truth of the remaining allegations of paragraph 27.

30. In response to the "Wherefore" clause at the end of Count III, Defendant denies that Plaintiff is entitled to any relief against it.

31. All allegations not expressly admitted are hereby denied.

32. As set forth in Hartford's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint, filed contemporaneously herewith, Count II of the Amended Complaint fails to state a claim upon which relief can be granted against Hartford Life and Accident Insurance Company.

WHEREFORE, Defendant Hartford Life and Accident Insurance Company requests that the Second Amended Complaint be dismissed and that it be awarded its costs and fees expended herein.

        HARTFORD LIFE AND ACCIDENT INSURANCE
        COMPANY


        By /s/Mary C. Zinsner_____
           Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340

David E. Constine, III, VSB No. 23223
Andrew P. Sherrod, VSB No. 23223 (admitted pro hac vice)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339

    Counsel for Hartford Life & Accident Insurance Company

### CERTIFICATE OF SERVICE

    I hereby certify that, on this 1st day of May 2006, a copy of the foregoing Answer was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to:

Warren E. Gorman, Esquire
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD 20815
**Counsel for Plaintiff Mozella Jones**

and

Julie Quagliano, Esquire
Michael C. Zisa, Esquire
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C. 20007
**Counsel for Defendant PAS Financial Group, Inc.**

    /s/ Mary C. Zinsner

#287464v1