IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MOZELLA D. JONES,                               x

        Plaintiff,                              :

        v.                                       ..:   Civil No.1:05CVO1986
HARTFORD LIFE AND ACCIDENT INSURANCE           Judge Henry H. Kennedy
COMPANY, et al.,                                :

        Defendants.                        ..:
                                                    x

**OPPOSITION TO MOTION OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, the plaintiff, Mozella D. Jones, by and through counsel opposes the Motion of Hartford Life and Accident Insurance Company to Dismiss Count II of Plaintiff's Second Amended Complaint, and as reasons therefore states as follows:

Plaintiff has brought this cause of action as the third party beneficiary of an insurance policy taken out on the life of the deceased, Henry Clay Thompson, Jr. Plaintiff has requested a declaratory judgment and has brought an action in contract and negligence. No discovery has been completed in this case. An Intervener has been filed by the defendant and the plaintiff has added additional defendants to this cause of action. No Affidavits were filed on behalf of defendant in support of this motion.

The plaintiff has sought contractual relief based upon the theory that as the named beneficiary of the contract the plaintiff is entitled to the full proceeds as the third party beneficiary of the contract. The plaintiff has sought additional relief based on negligence on an independent theory. The plaintiff claimed that defendant Hartford had in its possession

documents that named the plaintiff as a beneficiary of the contract and lost those papers. Hartford's negligence is based upon its loss of these papers and the negligent mishandling of those papers prevents the plaintiff from recovering due to the plaintiff's inability to produce evidence that defendant should have preserved and had a duty to preserve. All other cases cited by the defendant are not on point to the issue before the Court.

WHEREFORE, plaintiff prays this Honorable Court will deny the motion.

Respectfully submitted,

_____
WARREN E. GORMAN, ESQ., #172213
*Attorney for Plaintiff*
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

## POINTS AND AUTHORITIE

Under Rule 12(b)(6) when a party files a motion for failure to state a claim upon which relief can be granted and neither party filed Affidavits, the motion shall be treated as one for summary judgment. Even without the pleadings, in order to grant the motion the Court must believe that there are no factual general issues of material fact and the moving party is entitled to judgment as a mater of law. *See, Sedgwick v. National Savings and TrustCompany,* 130 F.2d. 440, 76 U.S. App.D.C. 177 (1942), *Mefford v. District of Columbia*, 728 A.2d. 607 (1999) *Doolin v. Environmental Power Limited*, 360 A.2d. 93 (1976). The plaintiff claims that the defendant had papers that named her as beneficiary. The defendant lost those papers. The defendant had a duty to preserve those papers and as a result of the defendant's negligence, the plaintiff will be hindered or unable to prove that she is the rightful beneficiary of insurance

2

proceeds. The plaintiff contends that that is a clear showing of negligence on the part of defendant and the defendant is not entitled to the relief request. *In Ehrenhaft v. Price*, 483 A.2d. 1192 (1984), the homeowner filed a suit against a contractor and an architect for breach of contract and negligent design. The Court found that the plaintiff had an appropriate cause of action on both counts. The Court also found that the negligent counts are cognizable for alleged breach of contract conceerning duties. The plaintiff is a third party beneficiary of an agreement between the deceased and the insurance company. The beneficiary does not have direct access to the documents that were allegedly lost by the defendant. The defendant breached its duty to retain these records. The defendant has cited *The Towers Tenant Association v. The Towers Limited Partnership,* 563 F.Supp. 566 (1983). In *Towers, supra.*, the Court held that there is an independent legal cause of action the party may maintain for an action in negligence. *In Fidelity Deposit Corporation v. Commercial Corp. Consultant, Inc.,* 976 F.2d.272 (1992), the Court held if a contract creates a special relationship that imposes a duty, the breach of that duty give rise to an independent action. In this case the plaintiff contends that such a duty arose when the beneficiary who was not a party to the contract suffered negligence at the hands of the defendant when the defendant lost the form which showed that the plaintiff was the beneficiary. The plaintiff contends that the breach of contract is a cause of action for the money that the plaintiff is due under the insurance contract. The negligence cause of action is based upon defendant's tortuous conduct of misplacing or destroying papers that named plaintiff as beneficiary. This negligence inhibits or prohibits the plaintiff of making a claim. These are two separate causes of action. One is in contract and one is based on negligence.

_____
WARREN E. GORMAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of May, 2006, a true and exact copy of the foregoing Opposition to Motion of Hartford Life and Accident Insurance Company to Dismiss Count II of Plaintiff's Second Amended Complaint, was filed electronically with the Clerk using the CM-ECF system with said notification to: **MARY ZINSNER, ESQ.**, Quagliano & Seeger, PC, 2620 P Street, NW, Washington, DC 20007

_____
WARREN E. GORMAN