IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, *et al.*, )<br>)<br>   Defendants. ) | CIVIL NO. 1:05CV01986-HHK<br>**Next-Scheduled Court Event:  Status<br>Conference on December 15, 2006** |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO
DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Hartford Life and Accident Insurance Company ("Hartford"), by counsel, states as follows as its reply memorandum of points and authorities in support of its motion to dismiss Count II of Plaintiff's Second Amended Complaint.[1]

### INTRODUCTION

If Plaintiff has any claim at all against Hartford--and it will be shown at a later stage of these proceedings that she does not--that claim lies in contract and *not* in tort.  As set forth in detail in Hartford's memorandum of points and authorities in support of its motion to dismiss Count II of Plaintiff's Second Amended Complaint ("Def. Mem."), Plaintiff's negligence claim against Hartford fails as a matter of law because Plaintiff has not alleged any duty owed to her by Hartford that is independent of the insurance policy at issue in this case.  In her opposition memorandum to Hartford's motion to dismiss ("Pl. Mem."), Plaintiff attempts to avoid this result

---

[1] In Plaintiff's original Complaint, Hartford was erroneously referred as "Hartford Insurance Company."  Plaintiff has attempted to correct this mistake in her Second Amended Complaint.  However, in certain paragraphs of that pleading, Plaintiff refers to "Hartford Life Insurance Company."  *See, e.g.,* ¶¶ 23, 26, 27.  It is Hartford Life and Accident Insurance Company that is the proper party here.

by summarily disregarding the authority cited by Hartford as "not on point," Pl. Mem. at 2, while at the same time citing cases in support of her position that do not further her cause. As will be shown below, it is Plaintiff's cited case law that is inapposite here. Thus, Count II of Plaintiff's Second Amended Complaint should be dismissed with prejudice as to Hartford.

STATEMENT OF POINTS AND AUTHORITIES

I. **Plaintiff Cannot Recover In Negligence Because Hartford Did Not Owe Plaintiff Any Independent Duty Of Care.**

The Court should dismiss Plaintiff's cause of action for negligence against Hartford because the allegations in the Second Amended Complaint make clear that Hartford owed no duty of care to Plaintiff independent of the insurance policy at issue in this case. There simply can be no question that the factual allegations which support Plaintiff's claim of negligence are virtually identical to the factual allegations in the breach of contract count. *See* Def. Mem at 4-6.[2] As discussed in Hartford's opening memorandum, this District has recognized that " 'the mere negligent breach of a contract, *absent a duty or obligation imposed by law independent of that arising out of the contract itself*, is not enough to sustain an action sounding in tort.' " *The Towers Tenant Assn v. The Towers Ltd. P'ship*, 563 F. Supp. 566, 570 (D.D.C. 1983) (quoting *Heckrotte v. Riddle*, 224 Md. 591, 168 A.2d 879, 882 (Md. 1961) (emphasis in original)).

The cases cited by Plaintiff in support of her contention that she can sue Hartford both in contract and in negligence are not at odds with the proposition set forth above. Rather, Plaintiff's cases stand for the unremarkable proposition that, in certain circumstances, breach of

---

[2] It should be noted that, despite the cases cited by Plaintiff on page 2 of her opposition memorandum, Hartford's motion should be decided under the standards governing motions to dismiss under Fed.R.Civ.P. 12(b)(6), for neither party has presented matters outside the pleadings and, therefore, the Court has no reason to treat the motion as one for summary judgment. The cases cited by Plaintiff, two of which are pure summary judgment cases and one of which is a case involving a 12(b)(6) motion in which the parties *did* submit materials outside the pleadings, do not dictate a contrary result.

contract actions can also include a claim for an independent tort if the parties' "special relationship" or some other source of law outside the contract creates a duty of care on the part of the alleged tortfeaser.

For example, in *Ehrenhaft v. Price*, 483 A.2d 1192 (D.C. Ct. App. 1984), relied upon by Plaintiff, a home owner brought suit against an architect and builder for damage to property arising from faulty design and construction of a renovation to the owner's home. The court of appeals allowed the owner's negligence claim against the architect because " 'architects are held to a standard of performance which requires them to perform that degree of skill and care ordinarily used by their colleagues.' " *Id*. at 1200 (quoting *Noble v. Worthy*, 378 A.2d 674 (D.C. 1977)). The court of appeals also recognized a claim in negligence against the builder for faulty construction that caused damage to the owners' home. In doing so, the court noted that in construction contracts there is an implied warranty that the work will be performed in a skillful, careful, diligent and workmanlike manner. *See id*. Similarly, *Fidelity & Deposit Co. v. Commercial Casualty Consultants*, 976 F.2d 272 (5th Cir. 1992), which is a decision from another jurisdiction also relied upon by Plaintiff, the court recognized that an agency agreement created a fiduciary or "special" relationship that could give rise to an independent tort. As a result, in that case, agents who misused funds entrusted to them on a fiduciary basis by their principal could be liable in tort. *Id*. at 276.

The *Ehrenhaft* and *Fidelity* cases do nothing to help Plaintiff's cause, for this not a case in which any special relationship exists between Hartford and Plaintiff or in which the law otherwise imposes any duty of care on the part of Hartford with regard to Plaintiff. While Plaintiff contends that a special relationship arose between herself and Hartford that imposed a duty upon Hartford to safeguard paperwork she claims would prove that she is the beneficiary

3

under the relevant policy, she cites no case law directly addressing this proposition. The fact that Plaintiff cites no case holding that a special relationship exists between the issuer of a group insurance policy and an alleged beneficiary of a person insured under that policy is telling, for, as explained in Harford's opening memorandum, any duty owed by Hartford in this case was to its insured, not to Plaintiff. *See* Def. Mem. at 5-6; *see also Arnoff v. Lenkin Co.*, 618 A.2d 669, (D.C. Ct. App. 1992) (noting that, "[i]n cases involving a negligent performance of a contract, liability to third parties who suffer only economic loss as a result depends on whether or not the defendant owed a duty of reasonable care to the plaintiff" and holding that the insurer owed no duty because a "title insurer, when it acts exclusively as an insurer, is liable only to its insured and not to third parties"). In addition, unlike the case of the builder in *Ehrenhaft*, which was under an implied duty to perform renovations in a workmanlike manner, Plaintiff can point to no duty of care on the part of Hartford that arises outside of the policy.

Furthermore, it is important to note that, unlike the owner in *Ehrenhaft*, who suffered property damage as a result of the conduct of the builder, Plaintiff is seeking damages for purely economic losses, *i.e.*, the money she contends she is due under the Policy. Thus, Plaintiff's claim must fail, for a party such as Plaintiff who has no "intimate nexus" or "direct relationship" with the alleged tortfeasor cannot sue in tort for purely economic losses. *See, e.g., Saylab v. Don Juan Restaurant, Inc.,* 332 F. Supp.2d 134, (D.D.C. 2004) (holding that alleged third party beneficiaries to an insurance brokerage contract did not have an intimate nexus or direct relationship with the insurance agent for purposes of suing in tort for purely economic loss); *see also Furash & Co. v. McClave*, 130 F. Supp.2d 48, 56 (D.D.C. 2001) ("The District of Columbia has not authorized tort recovery for purely economic losses in a contract setting."). As a result, Plaintiff's case law is inapposite, and her claim fits squarely within the rule that an

4

allegation of negligent breach of contract, absent an independent obligation or duty, is not sufficient to support a claim in tort. *See Towers Tenant Assn*, 563 F. Supp. at 570; *see also Prouty v. National R.R. Passenger Corp.*, 572 F. Supp. 200, 206 (D.D.C. 1983) (ruling in favor of defendant employer on plaintiff former employee's claim for negligent failure to maintain employment records and noting that "plaintiff has not indicated that [employer] was charged with any specific duty to maintain employment records, imposed by statute or law, that would give rise to a negligence action"). [3]

## CONCLUSION

For all of the foregoing reasons and those set forth in Hartford's opening memorandum, Hartford requests that the Court grant its Motion and dismiss Count II with prejudice as to Defendant Hartford.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY

By     /s/ Mary C. Zinsner
        Of Counsel

---

[3] While Plaintiff fails to distinguish her case from this general rule cited in *Towers*, Plaintiff notes that the court in *Towers* allowed a claim in negligence. While the court in *Towers* did allow the negligence claim to go forward, it did so because it found that an independent duty of care outside of any contract had arisen on the part of the defendant property developers to renovate and repair the condominium properties at issue in that case because the defendants had undertaken to perform the renovations, and, once undertaken, defendants had an independent legal duty, both as a landlord and based on assurances they provided which were relied upon by the condominium unit owners, to ensure that the condominium units would be repaired so that they conformed with applicable housing regulation requirements. Once undertaken, the court held that an independent duty was imposed upon the defendants to perform the renovations properly. The *Towers* case is clearly distinguishable on its facts from this case in that there is no allegation that Hartford undertook any action with respect to Plaintiff that it would have been obligated to perform under any independent standard of care. Any obligation of Hartford is limited to what is set forth in the policy.

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com

David E. Constine, III, VA State Bar No. 23223
Andrew P. Sherrod, VA State Bar No. 45854 (admitted *pro hac vice*)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
andrew.sherrod@troutmansanders.com

      Counsel for Hartford Life and Accident Insurance Company

## CERTIFICATE OF SERVICE

      I hereby certify that, on this **22nd** day of May 2006, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to:

      Warren E. Gorman, Esquire
      5530 Wisconsin Avenue, Suite 1209
      Chevy Chase, MD  20815
      **Counsel for Plaintiff Mozella Jones**

and

      Julie Quagliano, Esquire
      Michael C. Zisa, Esquire
      Quagliano & Seeger, P.C.
      2620 P Street, N.W.
      Washington, D.C.  20007
      **Counsel for Defendant PAS Financial Group, Inc.**

      /s/ Mary C. Zinsner

#289870v1