UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES<br><br>        Plaintiff<br><br>   v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY, et al.<br><br>        Defendants | CIVIL ACTION NO: 05CV01986 (HHK) |

### DEFENDANTS', A.G.I.A., INC. AND ASSOCIATION GROUP INSURANCE ADMINISTRATORS, ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

The Defendants, A.G.I.A., Inc. and Association Group Insurance Administrators (collectively referred to as the "Defendants"), by and through its attorneys, Aaron L. Handleman, Justin M. Flint, and Eccleston & Wolf, P.C., hereby answer the allegations in the Plaintiff's Second Amended Complaint as follows:

### COUNT I - DECLARATORY JUDGMENT

1. The Defendants deny the allegations contained in Paragraph 1 of the Second Amended Complaint, and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

2. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 2, and therefore, deny the same and demand strict proof thereof.

3. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 3, and therefore, deny the same and demand strict proof thereof.

4. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4, and therefore, deny the same and demand strict proof thereof.

5. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 5, and therefore, deny the same and demand strict proof thereof.

6. Admitted.

7. Admitted.

8. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 8, and therefore, deny the same and demand strict proof thereof.

9. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 9, and therefore, deny the same and demand strict proof thereof.

10. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 10, and therefore, deny the same and demand strict proof thereof.

11. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 11, and therefore, deny the same and demand strict proof thereof.

12. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and therefore, deny the same and demand strict proof thereof.

13. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and therefore, deny the same and demand strict proof thereof.

14. The allegations of Paragraph 14 are denied as phrased and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

15. The allegations of Paragraph 15 are denied as phrased and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

16. The Defendants deny the allegations contained in Paragraph 16 of the Second Amended Complaint. In addition, the Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 regarding the other Defendants in this matter, and therefore, deny the same and demand strict proof thereof.

17. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 17, and therefore, deny the same and demand strict proof thereof.

## COUNT II - NEGLIGENCE

18. The Defendants repeat and reallege each and every Answer set forth in Paragraphs number 1 through 17 as if each were fully set forth herein.

19. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and therefore, deny the same and demand strict proof thereof.

20. The Defendants deny the allegations contained in Paragraph 20 of the Second Amended Complaint, and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

21. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 21, and therefore, deny the same and demand strict proof thereof.

22. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 22, and therefore, deny the same and demand strict proof thereof.

23. The Defendants deny the allegations contained in Paragraph 23 of the Second Amended Complaint, and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

## COUNT III – BREACH OF CONTRACT

24. The Defendants repeat and reallege each and every Answer set forth in Paragraphs number 1 through 23 as if each were fully set forth herein.

25. The Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 25, and therefore, deny the same and demand strict proof thereof.

26. The Defendants deny the allegations contained in Paragraph 26 of the Second Amended Complaint, and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

27. The Defendants deny the allegations contained in Paragraph 27 of the Second Amended Complaint, and to the extent the allegations require a legal conclusion, no response is required, and are therefore, deemed denied.

The Defendants deny each and every allegation of the Plaintiff's Second Amended Complaint not specifically admitted herein. Moreover, the Defendants deny any remaining allegations contained in unnamed Paragraphs that replead, re-allege, or incorporate each and every allegation of the Second Amended Complaint and any un-numbered "WHEREFORE" Paragraphs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff was contributorily negligent in that said negligence bars any recovery in this action.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk of her actions, and therefore, her claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff suffered no damages as a result of these Defendants' actions or, alternatively, the Plaintiff failed to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's injuries and/or damages, if any, are the sole and/or concurrent negligence of other individuals over whom the Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The Defendants require strict proof of Plaintiffs' alleged injuries and/or damages.

## SEVENTH AFFIRMATIVE DEFENSE

The claims herein are barred by legal and/or equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The claims herein are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The claims herein are barred by failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction in this matter.

## ELEVEENTH AFFIRMATIVE DEFENSE

These Defendants reserve the right to raise any and all additional defenses available in law, equity and/or fact.

WHEREFORE, the Defendants, A.G.I.A., Inc. and Association Group Insurance Administrators, respectfully request that judgment be entered in their favor along with other relief, as this Court deems proper.

            Respectfully submitted,

            _____/s/_____
            Aaron L. Handleman (#48728)
            Justin M. Flint (#27322)
            ECCLESTON & WOLF, P.C.
            2001 S Street, N.W., Suite #310
            Washington, D.C., 20009-1125
            (202) 857-1696
            *Attorneys for Defendants*
            *A.G.I.A., Inc. and*
            *Association Group Insurance*
            *Administrators*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June, 2006, a copy of the foregoing Defendants' Answer to the Plaintiff's Second Amended Complaint was filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

>Warren E. Gorman, Esq.
>*Attorney for Plaintiff*
>
>Mary Catherine Zinsner, Esq.
>Andrew Philip Sherrod, Esq.
>TROUTMAN SANDERS LLP
>*Counsel for Hartford Insurance Company and Hartford Life and Accident Insurance Company*
>
>And
>
>Julie Quagliano, Esq.
>Michael C. Zisa, Esq.
>QUAGLIANO AND SEEGER, P.C.
>*Counsel for PAS Financial Group, Inc.*

>_____/s/_____
>Justin M. Flint