IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOZELLA D. JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, *et al.*, )<br>)<br>Defendants. ) | CIVIL NO. 1:05CV01986-HHK<br>**Next-Scheduled Court Event:  Status Conference on December 15, 2006** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY TO EXTEND THE TIME FOR SERVICE OF ITS COUNTERCLAIM**

Hartford Life and Accident Insurance Company ("Hartford"), by counsel, states the following in support of its Motion to Extend the Time for Service of Its Counterclaim.

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

This action was brought by Plaintiff Mozella Jones to, among other things, establish her claim to the proceeds of a group life insurance policy (the "Policy") issued by Hartford and insuring the life of the late Henry Clay Thompson, Jr.  On March 22, 2006, Hartford filed a Motion for Leave to Amend Its Answer to Add Counterclaim Naming Additional Parties (the "Motion"), to which its proposed Counterclaim was attached.[1]  The Motion was granted by the Court pursuant to a Minute Order entered on March, 23, 2006.  Thus, Hartford's Counterclaim was deemed filed as of March 23, 2006.  *See* LCvR 15.1 ("The amended pleading shall be deemed to have been filed and served by mail on the the date on which the order granting the motion is entered.").

---

[1] The First Amended Answer and Counterclaim of Hartford Life and Accident Insurance Company has previously been filed UNDER SEAL.  All references herein to the Counterclaim refer to that sealed pleading.

Hartford's Counterclaim is one for interpleader, brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, seeking to deposit the proceeds of the Policy into the registry of the Court and to have the Court resolve the multiple inconsistent claims to the proceeds of the Policy and discharge Hartford from further liability to the competing claimants with respect to those proceeds. In addition to naming Mozella Jones as a defendant, Hartford's Counterclaim also adds the four living children of the late Henry Thompson as defendants thereto, all of whom are potential claimants to the proceeds of the Policy. Three of the children named as defendants in the Counterclaim are minors. Counterclaim ¶¶ 5-7. To date, Hartford has served three of these four defendants with the Counterclaim, but has been unable to achieve service on the fourth such defendant, M.T., who, upon information and belief, resides with Mozel Brunson, the mother of M.T.[2] The last day on which to serve M.T. with the Counterclaim within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure is Friday, July 21, 2006.

Hartford has made diligent efforts to locate and serve M.T. Prior to filing its Counterclaim, Hartford retained the services of Capital Process Services, Inc. ("Capital"), a company in the business of private investigation and service of process, to investigate M.T's whereabouts. In addition, following the Court's order allowing Hartford to file its Counterclaim and the Clerk's issuance of summonses for the new parties to the Counterclaim, counsel for Hartford forwarded the service package for M.T. to Capital in early May 2006, well over two months in advance of the 120-day deadline under Rule 4(m). From May 9 through July 12, 2006, Capital investigated the whereabouts of M.T. and attempted service on M.T. at two

---

[2] The Counterclaim Defendant referred to above as M.T. is a minor child. Therefore, pursuant to Local Civil Rule LCvR 5.4(f) of the United States District Court for the District of Columbia, said party is referred to herein only by initials. The full name of the referenced Counterclaim Defendant is set forth in Hartford's Sealed Counterclaim.

different addresses. A detailed description of the efforts of Capital to locate and serve M.T. is set forth in the Affidavit of Scott Kucik (the "Kucik Affidavit") and accompanying Invoice, attached collectively hereto as **Exhibit 1**.[3] Although, to date, Capital has been unable to locate M.T., the Affidavit of Scott Kucik does refer to potential leads that, with additional time and effort, may yet lead to M.T.

The Court has issued a Scheduling Order setting a status conference for this case on December 15, 2006, at which time a pre-trial conference and trial date will be selected. Discovery does not close until October 31, 2006, and the deadline for dispositive motion falls thirty days thereafter.

### STATEMENT OF POINTS AND AUTHORITIES

The Court should allow Hartford additional time to serve M.T. with its Counterclaim. Rule 4(m) of the Federal Rules of Civil Procedure states the following in relevant part: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; *provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period*" (emphasis added). As this Court has noted, the "language of Rule 4(m) grants substantial authority to courts to extend the 120-day deadline." *Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 122 (D.D.C. 2005).

---

[3] Pursuant to LCvR 5.4, counsel for Hartford has redacted the full name of M.T. from the copy of the Kucik Affidavit and Invoice attached as Exhibit 1, and, in order to protect the privacy of the other individuals named in the affidavit, has also redacted street addresses, zip codes, and telephone numbers from the copy of the Affidavit and Invoice. The original, unredacted Kucik Affidavit and Invoice are on file with Hartford's counsel.

3

Indeed, the "plain language of Rule 4(m) requires that a court extend time for service where good cause is shown." *Id.*

Here, good cause undoubtedly exists to extend the Rule 4(m) deadline for an additional 50 days in order to provide Hartford with more time to fully exhaust all leads as to the whereabouts of M.T. Hartford has acted diligently in its efforts to serve M.T. within the time prescribed by Rule 4(m), but, through no fault of its own, its efforts have not yet yielded results because of difficulty in locating the defendant. As demonstrated by the Kucik Affidavit and the accompanying invoice of Capital, Hartford has, at no small expense, engaged in a through search for M.T., based on multiple leads, but more time is needed to exhaust all reasonable means of locating this missing defendant. Thus, because Hartford has shown good cause for its failure to serve M.T. within the 120 days provided by Rule 4(m), the Court should grant an additional 50 days for Hartford to effect service of its Counterclaim upon M.T. This enlargement is certainly an "appropriate period" as contemplated by Rule 4(m), for as it will allow Hartford the opportunity to track down any remaining available leads, while at the same time resolving this service issue sufficiently in advance of the close of discovery and dispositive motions deadlines.

Furthermore, even assuming *arguendo* that good cause has not been shown, the Court should still use its discretion to allow for the requested extension of time. *See id.* (noting that courts have the discretion to extend the 120 day deadline even if good cause has not been shown). As this Court has noted, even when a plaintiff is unable to show good cause, which is *not* the case here, the Court should still grant an extension if the balance of the following factors weighs in favor of the plaintiff: "(1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent 'prejudice' in having to defend the lawsuit; (3) whether the defendant has actual notice

4

of the suit; (4) whether the dismissal of the complaint would substantially prejudice the plaintiff … ; and (5) whether the plaintiff has made diligent, good faith efforts to effect proper service of process." *Shaw v. District of Columbia*, 2006 U.S. Dist. LEXIS 29423, *26-27 (D. D.C. May 15, 2006).

When the relevant factors set forth in *Shaw* are applied to this case, it becomes clear that the balance weighs heavily in favor of granting an extension of time to Hartford.  First, as discussed above and demonstrated by the Kucik Affidavit, Hartford, through its retained investigator, has made diligent, good faith efforts to serve M.T. within the required time, but has thus far been unsuccessful in doing so, through no fault of its own.  Furthermore, not only would M.T. suffer no prejudice by the granting of this extension, M.T. would suffer prejudice if the extension is *not* granted, for, if not located and served, M.T. will not have the opportunity to assert a claim to the proceeds of the Policy in the interpleader case.  Additionally, the other parties to the case will not be prejudiced, for the case has not yet been set for trial, and Hartford has not requested an unreasonable extension of time.  As a result, discovery, which has not yet been commenced by any party, would not be unduly disrupted.  Lastly, if the requested extension is not granted, Hartford will be substantially prejudiced in that it will not have the opportunity to bring all potential claimants before the Court in its interpleader action, which would leave it vulnerable to continued vexation and liability on the part of M.T. with regard to the subject proceeds of the Policy following the conclusion of this case.  This is precisely the situation that the law of interpleader is designed to avoid.  Thus, for all the reasons set forth herein, the Court should allow Hartford an additional 50 days to serve its Counterclaim upon defendant M.T.

**CONCLUSION**

For all of the foregoing reasons, Hartford respectfully requests that the Court grant its Motion to Extend the Time for Service of Its Counterclaim.

                                  HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

                                  By     /s/ Mary C. Zinsner
                                           Of Counsel

Mary C. Zinsner, DC Bar No. 430091
Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, VA 22102
(703) 734-4334
FAX (703) 734-4340
mary.zinsner@troutmansanders.com

David E. Constine, III, VA State Bar No. 23223
Andrew P. Sherrod, VA State Bar No. 45854 (admitted *pro hac vice*)
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia 23219
(804) 697-1200
FAX (804) 697-1339
david.constine@troutmansanders.com
andrew.sherrod@troutmansanders.com

      Counsel for Hartford Life & Accident Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 21st day of July 2006, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to:

Warren E. Gorman, Esquire
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
**Counsel for Plaintiff Mozella Jones**

and

Julie Quagliano, Esquire
Michael C. Zisa, Esquire
Quagliano & Seeger, P.C.
2620 P Street, N.W.
Washington, D.C.  20007
**Counsel for Defendant PAS Financial Group, Inc.**

and

Aaron L. Handleman, Esquire
Justin Michael Flint, Esquire
Eccleston & Wolf, P.C.
2001 S Street, NW, Suite 310
Washington, DC 20009
(202) 857-1696
FAX (202) 857-0762
**Counsel for Defendants A.G.I.A., Inc.
and Association Group Insurance Administrators**

_____/s/ Mary C. Zinsner_____

#1522111