IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOZELLA D. JONES, | : | |
| Plaintiff, | : | |
| v. | : | Civil No.1:05CVO1986 |
| | | Judge Henry H. Kennedy |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ET. AL., | : | |
| Defendants. | : | |

**MOTION TO DISMISS INTERPLEADOR BASED ON NEWLY DISCOVERED EVIDENCE AND FOR OTHER RELIEF**

The plaintiff, Mozella Jones, by and through her attorney, brought an action against Hartford Insurance Company and others, based upon being the rightful beneficiary of the life insurance policy of Henry Thompson, Jr. who died on or about august 3, 2005. At the time of his death, Hartford Insurance Company was the insurer of the policy of Henry Thompson, Jr.

Mozella Jones had paid the premiums for the policy and believed that she was the beneficiary of the policy based upon factors including conversations with the deceased. Hartford Insurance Company refused to pay her the proceeds and at the time of her request, had no records concerning who the rightful beneficiary of the policy was on the date that Mr. Thompson died. Hartford Insurance Company requested to interplead the children of the deceased. Mozella Jones did not oppose the interpleador since Hartford was not able to locate papers that indicated the named beneficiary.

Subsequent to the service of process in this case, defendant A.G.I.A., Inc. through its employee or agent was able to locate a beneficiary designation showing Mozella Jones as the beneficiary for this policy. A copy of that document is attached as Exhibit "1".

As part of its duty as an insurer, Hartford had the duty through its agents and employees to have a copy of this document. This document clearly shows that no one other than plaintiff has a bona fide interest in the proceeds of this insurance policy.

Hartford Insurance Company has become aware that Mozella Jones is the named beneficiary of the policy. There is no indication that there has been a change in the designation. This information is newly discovered evidence that was not in the known possession of the plaintiff or any of the defendants in this case prior to the time the interpleador was brought. This newly discovered evidence, had it been known prior to the time that the interpleador was brought would have caused plaintiff to file an opposition to the interpleador. The plaintiff contends that if this information had been known to Hartford who had a duty to have this information, that Hartford would have paid Mozella Jones $100,000.00.

Defendant Hartford Insurance Company, in its First Amended Complaint in paragraph 14 states that "Under the policy the life insurance proceeds are payable according to the beneficiary designation, if any, effective on the date of the insured's death". In paragraph 18, Defendant Hartford Insurance Company states as follows: "Hartford has been unable to locate any cards or any other documentation naming the beneficiary of Henry Thompson's life insurance under the policy. Such documentation is retained by the third party administrators". These averments in paragraphs 14 and 18 are no longer applicable and there are no valid grounds for Hartford to maintain this interpleador.

Hartford Insurance Company has also asked for attorney's fees and other relief including the appointment of a *guardian ad litem* for the minor children. The *guardian ad litem* may hire a

separate attorney to protect the interests of each minor child. It is inequitable to have the beneficiary pay these fees. It is irrational to expand this meritless litigation when no legitimate contradictory claim has been made. These requests for costs and attorney's fees are without merit. If Hartford Insurance Company had maintained the appropriate records by itself or through its employees or agents, this suit would never been brought. Plaintiff assumes that Hartford expects the *guardian ad litem* costs and all other costs be taken from the proceeds of the policy.

If the Court permits this interpleador to remain, it would cause a tremendous hardship for the plaintiff. The plaintiff would have to go through discovery, have depositions and subpoena personnel from other jurisdiction in order to show that Mozella Jones was the rightful beneficiary of this policy. It appears that defendant Hartford Insurance Company intends to keep this case alive in order to avoid the most remote possibility that later in time, one of the minor children would bring an action against it. The beneficiary designation shows that there is no basis in fact or law for such a suit. The Courts should not reward Hartford Insurance Company for not having the appropriate records by allowing the interpleador that costs the plaintiff extraordinary expenses and denies her the right to the immediate value of the proceeds.

Hartford Life and Accident Insurance Company opposes the motion, A.G.I.A., Inc. and Association Group Insurance Administrators did not oppose the motion and the PAS Financial Group takes no position.

        Respectfully submitted,

_____
WARREN E. GORMAN, ESQ., #172213
Attorney for Plaintiff
5530 Wisconsin Avenue, Suite 1209
Chevy Chase, MD  20815
(301) 654-5757

## POINTS AND AUTHORITIES

Rule 22 of the Federal Rules of Civil Procedure permits an interpleador when a party may be exposed to double or multiple liability. In the instant case, Hartford Insurance Company is not subject to double or multiple liability. It is clear from the newly discovered evidence that the sole beneficiary of the policy is Mozella Jones. The fact that some of the deceased children are minors does not mandate the Court to permit an interpleador when there is no credible evidence that they are entitled to any of the proceeds. If Hartford had obtained and kept the records as they were supposed to do as part of their duties as insurer, this case would never have gone to Court and Ms. Jones would have already received the money. The fact that these records were not discovered until after the suit was brought, does not give Hartford the right to go forward with this interpleador. In *N. J. Sports Productions, v. Don King Productions, Inc.,* 15 F.2d. 534 (1998), the Court ruled that an interpleador will not lie when the joining of the defendants would not help resolve the case. *In Commerce Funding Corporation v. Southern* F.2d. 534 (1998), the Court ruled that an interpleador will not lie when the joining of the defendants would not help resolve the case. The Court based its determination on the grounds that an interpleador will not lie where one of the competing claims is the void of substance. In the case at Bar, now that the rightful beneficiary form has been found, no other claim has any substance. *See, also*, *Equitable Life, Insurance Society v. Jones*, 679 F.2d. (1982). **In *Jones, supra.*,** the Court also held that where there are competing claims, each side is to litigate it at their own expense. In the case before the Court, Hartford expects the plaintiff to bear the expense of paying for all claimants *guardian ad litem* and potentially paying for a lawyer for each and every one of the minor children who has not filed a claim. This is inequitable and against the current case law. In *Equitable Life, Insurance Society v. Porter-Englehart,* 867 F.2d. 79 (1989), the Court ruled that where adversative claims to a fund do not exist, a party does

not have the right to merely deposit the money into the Court which it knows belong to another and casually stroll away.  In the case at Bar, there are no grounds for an interpleader since it is clear that the beneficiary named was Mozella Jones.  The negligence of Hartford Insurance Company or their agents and employees in failing to previously find the beneficiary form should not cause the plaintiff, Mozella Jones, to wait for the funds due and owing to her based on the grounds that Hartford Insurance Company may face a frivolous claim that has no merit in future years.

_____
WARREN E. GORMAN

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the _____ day of August, 2006,  a copy of the foregoing Motion to Dismiss Interpleader based on Newly Discovered Evidence and Other Relief was mailed first class mail, postage prepaid, to: **JULIE  QUAGLIANO, ESQ.,** 2620 P Street, N.W., Washington, D.C. 20007, Counsel for Pas Financial Group, Inc.**; AARON HANDLEMAN, ESQ**., Eccleston & Wolfe, Suite 310,  2001 P Street, N.W., Washington, D.C.20009-1125; and **ANDREW SHERROD, ESQ**., Troutman Sanders, LLP, 1001 Haxal Point, P.O. Box 1122, Richmond, VA.  23218-1122.

_____
WARREN E. GORMAN