### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOZELLA D. JONES,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action 05-01986 (HHK)** |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, et al.** | |
| **Defendants.** | |

### MEMORANDUM OPINION AND ORDER

Mozella Jones brings this action against Provident Life and Accident Insurance Company ("Provident Life"), PAS Financial Group, Inc. ("PAS"), Hartford Life and Accident Insurance Company ("Hartford Life"), Association Group Insurance Administrators, and A.G.I.A., Inc. ("A.G.I.A."), alleging that she was improperly denied the proceeds of a life insurance policy. Asserting that defendants, both negligently and in breach of contract, mishandled the insurance documents and failed to pay her the proceeds of the policy, Jones seeks a declaratory judgment that she is the proper beneficiary of the policy and monetary damages. Before the court is Hartford Life's motion to dismiss Jones's negligence claim. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that Hartford Life's motion must be denied.

### I.  BACKGROUND

Jones alleges that on or about December 2000, an insurance policy was taken out on Henry Clay Thompson, Jr. in the amount of $100,000.  Jones was assertedly the named

beneficiary of that policy.  She asserts  that she timely paid the premiums on the policy from the

date of purchase, in December 2000, until Thompson passed away, on August 3, 2005.  At the

time of Thompson's death, none of the defendants were able to locate any information regarding

the proper beneficiary of the policy and, as a result, did not pay Jones any proceeds.

The policy was originally purchased through Provident Life, with PAS acting as program

administrator.  Jones asserts that, at the time the policy was purchased, PAS was responsible for

"keep[ing], record[ing], transfer[ing] and hold[ing] for safe keeping, the insurance policy,

enrollment forms, the names of the beneficiary, and other papers for that policy."  Am. Compl. ¶

13.  Prior to the death of Thompson, the policy was sold to Hartford Life and administered by

Association Group Insurance Administrators and A.G.I.A, who were thereafter allegedly

responsible for the proper handling of the insurance papers.

## II.  ANALYSIS

In Count II of her amended complaint, Jones alleges that Hartford Life, and the other

defendants, negligently failed to record and maintain the insurance documents naming her as the

proper beneficiary of Thompson's life insurance policy.  Hartford Life moves to dismiss Jones's

negligence claim, arguing that Jones's amended complaint fails to state a claim against it for

negligence.[1]  The elements of a cause of action for negligence are:  a duty of care owed by the

---

[1]   A motion to dismiss is appropriate only where "it is clear that no relief could be
granted under any set of facts that could be proved consistent with the allegations."  *Martin v.
Ezeagu*, 816 F.Supp. 20, 23 (D.D.C. 1993) (internal quotations omitted); *see also Conley v.
Gibson*, 355 U.S. 41, 45–46 (1957) (holding a complaint should not be dismissed under Rule
12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief").  In evaluating a motion to dismiss, the court must
construe the complaint in a light most favorable to the plaintiff and must accept as true all
reasonable factual inferences drawn from the plaintiff's well-pleaded factual allegations.  *In re
United Mine Workers of Am. Employee Ben. Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994);

defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach. *See Dist. of Columbia v. Harris*, 770 A.2d 82, 87 (D.C. 2001); *McLane v. Russell*, 546 N.E.2d 499, 501–02 (Ill. 1989).[2] Hartford Life argues that Jones's negligence claim must fail because the first element is lacking; namely, that, as a matter of law, Hartford Life did not owe Jones a duty of care.

The failure to perform a contractual obligation typically does not give rise to a cause of action in tort. *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 570 (D.D.C. 1983); *Blake Constr. Co. v. C. J. Coakley Co.*, 431 A.2d 569, 577 n.5 (D.C. 1981). Rather, an action for breach of contract is often "the appropriate avenue of relief." *Towers Tenant Ass'n*, 563 F. Supp. at 570. However, if a plaintiff can establish the existence of "an independent legal duty, he may maintain an action in tort even though the acts complained of also constitute a breach of contract." *Id.* Accordingly, the sustainability of Jones's negligence claim against Hartford Life turns on whether an insurer owes an independent duty of care to an intended beneficiary of a life insurance policy.

_____

see also *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (stating that the court must give the plaintiff "the benefit of all inferences that can be derived from the facts alleged").

[2] Because this matter is before the court under diversity of citizenship jurisdiction, the court must first analyze which state law governs, using the appropriate choice of law standards. *See Young Women's Christian Ass'n v. Allstate Ins. Co.*, 275 F.3d 1145, 1150 (D.C. Cir. 2002). Under the laws of the District of Columbia, the forum state, a court "must first determine if there is a conflict between the laws of the relevant jurisdictions." *Id.* Only if a conflict exists must the court then decide which jurisdiction has a "more substantial interest" in the litigation. *Id.*

Here, it appears that neither of the two relevant jurisdictions—the District of Columbia, where plaintiff resides, and Illinois, where the policy was delivered—has resolved the primary question before the court; whether an insurer owes a duty of care to an intended beneficiary of a life insurance policy. Accordingly, because there is no conflict between the substantive laws of these two jurisdictions, the court is not required to determine which forum has a more substantial interest.

It is well established that an insurer owes an independent duty of care to an *insured*. *See, e.g.*, *Saylab v. Don Juan Rest., Inc.*, 332 F. Supp. 2d 134, 144 (D.D.C. 2004) ("An insurance agent must exercise reasonable care and skill in performing his duties and that agent may become liable in tort to the principal who suffers a loss by [the agent's failure] to use standard care.") (internal quotations omitted); *Cooper v. Berkshire Life Ins. Co.*, 810 A.2d 1045, 1069 (Md. Ct. Spec. App. 2002) ("An agent, employed to effect insurance, must exercise such reasonable skill and ordinary diligence as may fairly be expected from a person in his profession or situation . . . . The failure to meet that duty allows a recovery in tort."). Such a duty is thought to require an insurer to do "'what is necessary to effect a policy, in seeing that it effectively covers the property [or person] to be insured,'" *Saylab*, 332 F. Supp. 2d at 146 (quoting *Cooper*, 810 A.2d at 1069), and is considered independent of any contractual duty between the parties. *Towers Tenant Ass'n*, 563 F. Supp. at 570.

It is less clear, however, whether an insurer owes an independent duty of care to an intended beneficiary of an insurance policy. None of the cases cited by either party in their briefs are particularly instructive, for they mostly stand for the unremarkable proposition that "*if* the contract creates a special relationship imposing a duty, breach of that duty may give rise to an independent tort action," Def.'s Opp'n at 3 (emphasis added) (citing *Fidelity & Deposit Co. v. Commercial Casualty Consultants, Inc.*, 976 F.2d 272, 276 (5th Cir. 1992)), and that, absent an independent duty, a tort action is not a proper avenue for relief in cases involving contract disputes. Pl.'s Mot. at 4 (citing *Towers Tenant Ass'n*, 563 F. Supp. at 570). These cases do not

answer the central question raised in this case—whether a special relationship exists between an

insured and an intended beneficiary of a life insurance policy, thereby giving rise to an

independent duty of care.

While it does not appear that any court in the District of Columbia has addressed the

issue, courts elsewhere have recognized that an insurer may owe a duty of care, separate from

any contractual duty, to an intended beneficiary of an insurance policy. *See, e.g.*, *Parlette v.*

*Parlette*, 596 A.2d 665, 670 (Md. 1991); *United Olympic Life Ins. Co. v. Gunther*, 1994 U.S.

App. LEXIS 6264, at *5 (9th Cir. March 24, 1994); *see also* 12 Eric Mills Holmes, Holmes'

Appleman on Insurance 2d § 85.1, at 335 (1999) (recognizing that some courts have held that

"an intended beneficiary of a life insurance policy has the right to bring either a negligence cause

of action or a breach of contract claim against the agent who fails to obtain the desired life

insurance coverage."). In *Parlette*, for example, the plaintiff brought a negligence claim against

a life insurance agent who sold a policy to her late son, claiming she was the intended beneficiary

of the policy. In resolving an issue similar to the one before this court, the court concluded that

"an intended beneficiary can recover from another's insurance agent if the intended beneficiary

can prove that intent to benefit him, or her, was a direct purpose of the transaction between

insured and agent *and* [can show] the other elements of negligence." *Id.* (emphasis in original).

Analogous case law also supports the proposition that an independent duty of care is

owed by an insurer to an intended beneficiary of an insurance policy. For example, many

jurisdictions allow a cause of action in negligence against an attorney by a non-client, where an

intent to benefit the non-client was "the primary or direct purpose of the transaction or

relationship" between the attorney and her client. *Pelham v. Griesheimer*, 440 N.E.2d 96, 99 (Ill.

5

1982) ("[T]o establish a duty owed by the defendant attorney to the nonclient the nonclient must allege and prove that the intent of the client to benefit the nonclient third party was the primary or direct purpose of the transaction or relationship.").  Particularly relevant are those cases supporting the right of an intended beneficiary of a will to bring a negligence claim against the attorney who fails to draft or execute a will properly.  *See, e.g.*, *Hopkins v. Akins*, 637 A.2d 424, 428 (D.C. 1993) (explaining that an intended beneficiary of a will may maintain a cause of action in negligence against another's attorney, where the primary intent of the parties in privity was to benefit the third party); *Needham v. Hamilton*, 459 A.2d 1060, 1061 (D.C. 1983) (finding in favor of an intended beneficiary of a will who brought a negligence claim against the attorneys for the decedent, whose negligent drafting of a will resulted in the beneficiary's inability to receive the portion of the deceased's estate to which he was entitled); *United Olympic*, 1994 LEXIS 6264, at *4 ("[A] lawyer who negligently fails to include a beneficiary in a will may be sued by the beneficiary for the lost bequest.") (citing *Hale v. Groce*, 744 P.2d 1289, 1290 (Or. 1987)).

Given the cogent reasoning of this body of law, this court concludes that an insurer owes an independent duty of care to an intended beneficiary of a life insurance policy, given that the primary purpose of such a policy is necessarily to benefit the intended beneficiary.  Accordingly, Jones has adequately pleaded that Hartford Life owed a duty to Jones, for, like the plaintiff in *Parlette*, Jones alleges that she was the named beneficiary of the policy.  Because the court

6

concludes that Jones's amended complaint sufficiently sets forth the elements of a negligence claim—duty, breach, injury, and causation[3]—Hartford Life's motion to dismiss must be denied.[4]

## IV.  CONCLUSION

Accordingly, it is this 16th day of August, 2006, hereby

**ORDERED** that defendant Hartford Life's motion to dismiss [#21] is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge

---

[3] Questions surrounding Jones's status as an intended beneficiary, the nature and extent of her relationship with Hartford Life, and whether or not Hartford Life breached its tort duty of care to Jones, if she is found to be an intended beneficiary of the policy, are all matters of fact to be answered by a jury and, as such, are outside of the scope of this motion.  *See Saylab*, 332 F. Supp. 2d at 146–47 ("[T]he question of whether [the defendant] was negligent . . . is best resolved by having the trier of fact determine whether [the defendant] met the applicable standard of care for insurance agencies in the District of Columbia.").

[4] In its reply brief, Hartford Life argues for the first time that Jones cannot recover in tort because she seeks solely economic damages.  While it is true that a plaintiff is typically barred from recovering in tort for purely economic loss, this doctrine does not apply where there is a special relationship between the parties.  *Potomac Plaza Terraces, Inc. v. QSC Products, Inc.* 868 F. Supp. 346, 354 (D.D.C. 1994); *see also Cooper*, 810 A.2d at 1068 ("[W]hen the failure to exercise due care creates a risk of economic loss only, and not the risk of personal injury, we have required an 'intimate nexus' between the parties as a condition to the imposition of tort liability.").

Jones neither states nor suggests that she suffered any damage other than the economic loss resulting from Hartford Life's alleged failure to pay her the proceeds of the policy. However, because the court has concluded that Jones has alleged the existence of a special relationship between herself and Hartford Life, the economic loss doctrine does not preclude her from pursuing her negligence claim.  *See Martusciello v. JDS Homes, Inc.*, 838 N.E.2d 9, 13 (Ill. App. Ct. 2005) ("Where a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty.").